JOHN W. HANNAH and W. B. McCORD, Adm'rs, v.
SAMUEL S. HAWKINS.

STATUTE OF LIMITATIONS. *New promise.* The maker of a note calling for
so much money in specie, having made payments from time to time
in currency, promised, after the bar of the statute of limitations had
attached in his favor, to pay the balance of the note, less the pay-
ments at the amount thereof, without any deduction for the difference
between the currency and specie, which proposition was not accepted.
*Held,* that the promise revived the debt remaining after allowing the
payments at their nominal amount.

FROM GREENE.

Appeal in error from the Circuit Court of Greene
county.   NEWTON HACKER, J.

R. M. McKEE for Hannah.

ROBINSON & MALONEY for Hawkins.

COOPER, J., delivered the opinion of the court.

The defendant, Samuel S. Hawkins, executed his
note to Delilah Marsh, the intestate of the plaintiffs,
by which he promised to pay her, on the 28th of
September, 1868, $2,447.50 in specie.   He made sev-
eral payments in currency, which were endorsed on
the note, the last payment bearing date the 29th of
December, 1873.   This suit, commenced February 10,
1876, was brought on the note.   The defendant pleaded
the statute of limitations.   The plaintiff replied that
the defendant promised to pay the balance due on the

Hannah and McCord *v.* Hawkins.

writing within the period of the statute. The issue joined was tried by the court without a jury, and judgment given for the defendant. Plaintiffs appealed in error.

The circuit judge thus announces his conclusions of fact in the bill of exceptions: "The court finds that there was a proposition made by the defendant to the agent of the intestate in her lifetime to pay the balance of the note, if any remained unpaid, not discounting the payments heretofore made in any way. This proposition was not accepted. The court finds no other promise made."

The new promise, made within the period of the bar of the statute, was, therefore, that he would pay the balance due upon the note, if any, after deducting the payments made in currency at their nominal amount, not scaled to their value in specie. The language of the witness upon whose testimony the finding was based is, in substance, that the defendant said he would pay the note, but would never pay the difference between gold and greenbacks unless he was compelled to do it by law. We concur with his Honor in his conclusion that the promise cannot be held to bind the defendant to the payment of the entire balance of debt, according to the original contract, in specie. The words do fairly imply a recognition of the existence of the liability, but accompanied with a positive refusal to pay a part, namely, the difference between gold and greenbacks which existed at the time of the respective payments. The question is therefore squarely raised, whether a promise to pay a specific part of a

16—VOL. 5.

debt barred by the statute of limitations will sustain a recovery for that part, where the suit is upon the original obligation, and issue joined upon an alleged new promise reviving the debt.

If the question were *res integra*, unconnected with the niceties and refinements which, by reason of the earlier decisions on the subject, have been thrown around it, there would be little difficulty in its solution. A debtor who can by a new promise revive the entire debt, may well be permitted to revive any portion of it he sees proper to pay. And whether the pleadings be based in the first instance on the new promise, or on the old contract revived *pro tanto* by the new promise, is surely a matter of form, not substance. Whether a new cause of action sustained by the old consideration is created by the new promise, or the old cause of action is merely revived partially or wholly by such promise, are questions of some metaphysical nicety, but of no practical importance. In either view, if we were rid of the old decisions and the logic resorted to in order to avoid their force, the liability might be treated as what it really is, the old obligation, with the remedy taken away by the statute, renewed to the extent of the new promise. The remedy, which forms an integral part of the obligation of a contract, when once lost by the bar of the statute, may of course be restored by the voluntary act of the debtor, but only so as to affect him, and not third persons with whom he may have been connected in the creation of the original debt. And as he cannot render such third persons directly liable

to the creditor by a promise which he was not au-
thorized by them to make, neither can he hold them
indirectly liable to himself, by reason of the old rela-
tion, for the renewed liability.   These conclusions seem
to follow naturally. from the facts and circumstances,
without any resort to legal or logical subtleties.

The simplest case we can imagine of a new prom-
ise not exactly covering the old obligation, but nearly
·so, is where the debtor promises to pay the debt
without interest.   Yet we have one court holding
that such a promise will not avoid the statute, while
:another comes to the common-sense conclusion that the
promise does not exempt the interest from the opera-
tion of the statute.   31 Ala., 571; 29 Penn. St., 189.
Perhaps these different results have been reached be-
·cause the one court considered the new promise as
creating a new cause of action, while the other treated
it as reviving the original cause of action *pro tanto*.
In this State, after some hesitation, it has been for
many years settled that it is the remedy which is
barred by the statute of limitations, and not the cause
of action; that a direct admission of the existence of
the debt, or a promise to pay it within time, revives
the remedy; and that the suit is upon the original
cause of action.   *Hunter* v. *Starkes*, 8 Hum., 658;
*Butler* v. *Winters*, 2 Swan, 91; *Woodlie* v. *Towles*, 1
Memph. L. J., 68, 179; *Cocke* v. *Hoffman*, MS., at
the present term.   The rule is the same when the
remedy has been lost by a discharge in bankruptcy,
and there has been a new promise.   *Taylor* v. *Nixon*,
4 Sneed, 353.   In this view, there is no difficulty

in holding that a promise to pay the principal of a debt without interest, or the balance of a debt after allowing the nominal amount of payments in current funds, revives the remedy on the old cause of action *pro tanto*.

Reverse the judgment, and enter a judgment for the plaintiff accordingly.