## DUFFIE *vs.* PHILLIPS.

[ACTION ON PROMISSORY NOTES—PLEAS, STATUTE OF LIMITATIONS, AND DISCHARGE IN BANKRUPTCY.]

1. *Variance.*—In an action on a promissory note barred by the statute of limitations, to which the defendant pleads the statute of limitations and bankruptcy, and the plaintiff replies a subsequent promise, proof of a subsequent promise by the defendant to pay the principal only, without the interest, does not entitle the plaintiff to a recovery.

2. *Parol evidence of indebtedness.*—The issue being whether the defendant was able to pay a debt barred by the statute of limitations and of bankruptcy, he may prove his indebtedness to third persons, without producing the written evidence of that indebtedness, or accounting for its non-production.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Solomon Phillips against Thomas Duffie, and was commenced on the 18th February, 1856. The complaint claimed of the defendant "the sum of $390, with interest thereon, due by thirteen promissory notes, made by him on the 13th January, 1840, in the sum of $30 each; also, the further sum of $3 24, due by promissory note, made by him on the 30th January, 1840, and payable on the 25th December, 1840, with interest thereon." The defendant pleaded, among other things, the statute of limitations of six years, and his certificate of discharge as a bankrupt; to each of which the plaintiff replied a subsequent promise.

On the trial, as appears from the bill of exceptions, the plaintiff proved, by one William White, "that he presented the notes sued on to defendant, for payment, on the 28th July, 1850; that the defendant then refused to pay them, but said, that they were just, and that he would take them up when he got able—that he would pay the principal, but not the interest; and that he refused positively to give new notes in their stead, saying, 'that he would pay the old notes as well as new ones.'" For the purpose of proving the defendant's ability to pay the notes, the plaintiff then offered evidence of the value of his property, as shown by the return of the tax-assessor; and to rebut this evidence, the defendant "offered to prove his indebtedness to an amount greater than the value of his property, and, for this purpose, offered to prove by several witnesses the amount of his indebtedness to them respectively, as evidenced by promissory notes." This evidence the court excluded, "because said promissory notes were not produced, nor their absence accounted for;" and the defendant excepted.

The court charged the jury, among other things, "that if they believed the defendant, within six years before the commencement of this suit, promised to pay the notes, as testified by the witness White; and that the defendant, at any time between the making of such promise and the

commencement of this suit, had property and means, other than such as were exempt from levy and sale under execution at law, and after paying and satisfying his other debts, sufficient to pay the notes sued on,—then the plaintiff was entitled to recover the principal of the notes sued on, with interest thereon from the time when the defendant so became able to pay them ; " to which charge the defendant excepted.

The charge given, and the exclusion of the evidence, as above stated, are now assigned as error.

JOHN A. LEWIS, for the appellant.

CLOPTON & LIGON, *contra.*

RICE, C. J.—A recovery for a demand barred by the statute of limitations, or by a discharge in bankruptcy, "is always upon a new cause of action ; although this is not apparent, where the declaration is in debt or assumpsit, on an executed consideration, because the form of pleading is so general, as to admit of any proof which shows an obligation, founded on the consideration, and between the parties, set forth in the declaration." Although the old debt is revived by an express promise to pay it, yet there is a new cause of action. An express promise to pay only *a part* of the old debt will not revive it, but gives a new cause of action, co-extensive with the promise.—See Whitcomb v. Whiting, and the notes thereto, as reported in 1 Smith's Leading Cases, (edition of 1855,) top pages, 721–729 ; Evans v. Carey, 29 Ala. R. 99 ; Ross v. Ross, 20 *ib.* 105.

When the only causes of action declared on are promissory notes, and they are barred by the statute of limitations and a discharge in bankruptcy ; and the statute and discharge are pleaded, the plaintiff cannot recover, without proving a new cause of action within six years, consistent with at least one of those set forth in the complaint, and corresponding with it in every particular, except the period from which it dates its existence.—See 1 Smith's Leading Cases, *supra.*

A promise, made several years after the notes had be-

come due, and a considerable amount of interest had accrued upon them, to pay the principal sum for which they were given, *but not the interest,* is materially different and variant from a promise to pay that sum *and the interest.* Pool v. Relfe, 23 Ala. R. 701; Pattterson v. Sawyer, 11 *ib.* 523.

When, as here, the only counts in the complaint claim the sum for which the notes were given, *and the interest thereon;* and the notes are barred by the statute of limitations and the discharge in bankruptcy; and the statute and discharge are pleaded ; and a subsequent promise is replied,—proof of an express promise by the maker of the notes, to pay the principal sum, "but not the interest," does not entitle the plaintiff to recover. The promise proved is materially variant from that set forth in the replication ; and if it had been set forth in the replication as it was proved, the replication would have been held bad on demurrer, for a *departure* from the complaint. In such cases, the replication is in the nature of a new assignment, and is bad if it departs from the complaint. And a plaintiff certainly cannot be permitted to recover under a good replication, upon the proof of a promise, the insertion of which in his replication would have made it bad for departure.

We decide nothing now as to the right of the plaintiff to recover upon the promise proved, under a complaint which counts on that promise, and sets forth the notes or original debt as the consideration for it.

2. The defendant had the right to prove his indebtedness to others, without producing the notes which evidenced that indebtedness, or accounting for their non-production.—Graham v. Lockhart, 8 Ala. R. 9.

In excluding evidence of such indebtedness, upon the mere ground that the notes evidencing it were not produced, and in the charge given, the court below erred. For those errors, the judgment is reversed, and the cause remanded.