# First National Bank of Anniston
# v. Lippman.

*Action for Money had and Received.*

1. *Certificate of clerk of Supreme Court; admissibility thereof in evidence.*—The certificate of the clerk of the Supreme Court, showing the action of said court in a particular case, is, under the statute, (Code, § 3860, subd. 5), admissible as evidence in any court in this State of the facts set forth in such certificate, as provided by law.

2. *Action for money had and received; admissibility of testimony of clerk as to pendency in his court of suit.*—In an action to recover money had and received, it was shown that the defendant in the pending suit had previously instituted an attachment suit against the plaintiff; that in said attachment

[First National Bank of Anniston v. Lippman.]

suit the defendant claimed the property levied upon as exempt; that there was no contest of the claim of exemptions, and judgment was rendered, in which it was declared that as against the recovery there was no claim of exemptions as to personal property by the defendant in said suit. Upon the sale of the property levied upon under the writ of attachment, the plaintiff in the attachment suit was paid the amount of the judgment. On appeal to the Supreme Court, the judgment in the attachment suit was amended or modified by striking therefrom the waiver as to the exemption of personal property; and, thereupon, the present plaintiff, who was the defendant in the attachment suit, brought the pending action against the plaintiff in said suit to recover the amount so paid out of the proceeds of the sale under the attachment. *Held*: That it was competent to show by the clerk of the court in which the attachment suit was brought, the identity of the cause decided in the Supreme Court with the attachment suit between the same parties; and that, therefore, the testimony of said clerk that there was no other case pending in said court between the same parties, except the one appealed from, and in which the plaintiff therein was paid the amount sought to be recovered by the pending suit, is admissible.

3. *Same; admissibility of evidence.*—In an action to recover money had and received, which was alleged to have been improperly paid the defendant, who was the plaintiff in an attachment suit, out of the proceeds of the sale under a writ of attachment, it is competent for the attorney of one of the parties, who was present at the sale made by the sheriff, to testify as to the total amount realized from said sale.

4. *Claim of exemptions; amendment thereof; admissibility in evidence.*—A claim of exemptions to property levied upon under an attachment, which failed to state when the debt of the defendant in the attachment suit accrued, may be amended by showing that said debt sued on was contracted after April 23, 1873; and in a subsequent action brought to recover the amount improperly paid to the plaintiff in the attachment suit by reason of the personal property sold under an attachment being exempt, such amendment of the claim of exemptions is admissible in evidence.

5. *Attachment suit; claim of exemptions; recovery for money had and received.*—In an attachment suit, the defendant claimed the property upon which the writ of attachment was levied as exempt, by filing her claim with the sheriff, as provided by statute, (Code, § 2047). The sheriff did not notify the plaintiff of said claim, but the defendant filed a plea setting up her

39

claim of exemptions. The plaintiff recovered judgment in which it was recited that against such recovery there was no claim of exemptions to be allowed to the defendant. Under a writ of *venditioni exponas*, issued upon said judgment, the property levied upon was sold, and the plaintiff was paid the amount of the recovery as stated in the judgment. On appeal to the Supreme Court, this judgment was modified by striking out that portion which provided for the waiver of exemptions. *Held*: The money paid to the plaintiff out of the property claimed as exempt, to which it was shown plaintiff had no right, and which *ex equo et bono* belonged to the defendant in the attachment suit, can be recovered by said defendant in a subsequent action against the plaintiff in the attachment suit for money had and received.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action for money had and received, brought by the appellee, Regina Lippman, against the First National Bank of Anniston, to recover $597.39, alleged to have been received on October 4, 1897, by the defendant for the use of the plaintiff. Issue was joined on the plea of the general issue.

The evidence in the case disclosed the following facts: In August, 1897, the First National Bank of Anniston commenced a suit by attachment against Regina Lippman, and there was an endorsement on said writ of attachment that as to personal property the defendant in said suit had waived her right of exemptions. Said judgment was levied on a stock of goods as the property of the defendant in said suit. After the levy of said attachment, Regina Lippman, on September 13, 1897, filed with the sheriff a claim of exemptions in writing verified by oath, to a part of the property levied on. Attached to this claim there was an itemized statement of the property, in which the defendant described the goods claimed, as they were described in the inventory made by the sheriff; and she stated under oath that she had no other property, etc. (Code of 1886, § 2521) "other than the stock of goods, fixtures and interest in a certain lease in a store house in which she did business in Anniston, Alabama, all of which said property has been levied on

and is now in the possession of the sheriff of Calhoun county, Alabama, under attachment in favor of [naming the parties suing out the attachment] against the affiant. Reference is here made by the sheriff of said county to the property levied upon in said cause." In this claim of exemptions the defendant in attachment did not state the date that the debt due the First National Bank was contracted. On the next day, September 14, 1897, she amended said claim by making affidavit that the debt sued on by plaintiff was contracted after April 23, 1873. No notice appears to have been given by the sheriff to the First National Bank of Anniston, the plaintiff in attachment, of the defendant's claim of exemptions so filed with him, nor was there any contest nor any proceedings touching her said claim. In the attachment suit, Regina Lippman, the defendant, filed a plea denying the waiver of exemptions; but on the trial of the cause in the city court of Anniston, the court adjudged that said plea was not sustained, and rendered judgment on September 21, 1897, in favor of the First National Bank of Anniston against said Lippman, which judgment contained a recital, and as against it there was no claim of exemptions as to any personal property of said defendant. In this judgment it was further ordered "that the property heretofore levied on under the issue in this case be sold for the satisfaction of this judgment, and that a *renditioni exponas* issue therefor." On the same day this judgment was rendered, a writ of *renditioni exponas* was issued, and on October 4, 1897, the sheriff sold the goods levied on under said attachment, included in which were the goods claimed as exempt to Mrs. Regina Lippman, the defendant in said suit. On October 5, 1897, there was paid to the attorney of the First National Bank, by order of the sheriff, $553.94, out of the proceeds from the sale of the property levied on, which sum was the full amount of said judgment, with interest to date.

After the rendition of the judgment in the city court and after the sale of the property claimed as exempt. Mrs. Lippman, the defendant in said suit, appealed from said judgment to the Supreme Court of Alabama, giving a bond for the security of the costs of the appeal. On

November 5, 1898, the Supreme Court modified the judgment of the city court by striking out therefrom the declaration that there was a waiver of exemption as to personal property, and that as against said judgment there was no exemptions as to any of the personal property of the defendant; and as thus modified the judgment was affirmed.

After the rendition of the judgment in the Supreme Court, the present suit was instituted by Mrs. Regina Lippman, the defendant in the attachment suit, against the First National Bank of Anniston, to recover the amount paid to the First National Bank through its attorney out of the proceeds of the sale of the stock of goods levied upon under the attachment, and which goods were claimed by Mrs. Regina Lippman as exempt to her.

During the trial of the present case, A. H. Shepperd, who was the clerk of the city court of Anniston, was introduced as a witness, who testified to the judgment rendered in the attachment suit by the First National Bank of Anniston v. Lippman, and to the appeal from said judgment. Thereupon the plaintiff offered in evidence and read to the court the judgment rendered in said court, and offered in evidence the appeal bond which was given by the defendant in said cause, for the purpose of prosecuting an appeal from said judgment to the Supreme Court. The plaintiff then offered in evidence a certificate of the clerk of the Supreme Court, showing the action of the Supreme Court at its November Term, 1898, in the case between Regina Lippman and the First National Bank. A copy of this certificate was attached to the bill of exceptions as an exhibit and was in words and figures as follows: "The State of Alabama. Judicial Department. The Supreme Court of Alabama. November Term, 1897. To the Clerk of the City Court of Anniston, Calhoun County. Greeting: Whereas, the record and proceedings of the city court of Anniston, of said county, in a certain cause lately pending in said court between R. Lippman, appellant, and the First National Bank of Anniston, appellee, wherein by said court, at the ...... term, 189.., it was considered adversely to said appellant, were brought before our Supreme

Court, by appeal taken pursuant to law, on behalf of said appellant.

"Now, therefore, it is hereby certified, That it was thereupon considered by our Supreme Court, on the 5th day of November, 1890, that in the record and proceedings of the city court there is no error, except in that the judgment contains clause setting forth that the defendant waived her exemptions. It is therefore considered that the judgment of the city court be here corrected by striking out the clause therein setting forth that the defendant waived her exempions, so that the same shall read: 'Came the parties by attorney, and this cause being submitted to the court after due and legal proof shown, it is considered by the court that the plaintiff have and recover of the defendant the sum of five hundred and fifty-two 31-100 ($552.31) dollars, together with the costs in this behalf expended, for which let execution issue,' and that as corrected the said judgment be in all things affirmed. It is also considered that the appellee pay the costs accruing on said appeal in this court and in the court below.

"Witness, Sterling A. Wood, clerk of the Supreme Court of Alabama, at the Capitol, this the 5th day of November, 1898.

(Signed) "Sterling A. Wood, Clerk of the Supreme Court of Alabama."

To the introduction in evidence of this certificate the defendant objected upon the following grounds: 1. It does not appear that said certificate related to the same cause as the judgment from which the appeal was taken, and upon which the clerk of the city court of Anniston paid the attorney of the First National Bank of Anniston the amount of the judgment recovered by it in said court against Mrs. Lippman. 2. Said certificate is not a certified transcript of the record and proceedings in the Supreme Court. 3. Said certificate does not state the date, number and character of the judgment appealed from, nor does it name the party taking the appeal, nor the date of the appeal as shown by the transcript. 4. Said certificate does not purport to set out the judgment of the Supreme Court in full. The court overruled this objection, permitted said certificate to be read in evi-

[First National Bank of Anniston v. Lippman.]

dence, and to this action of the court the defendant duly excepted.

Continuing the examination of the witness, A. H. Shepperd, the plaintiff's counsel asked him the following question: "Was there any other case of the First National Bank v. Regina Lippman in this court besides the one appealed from as shown by the appeal bond," and on which the attorney of the First National Bank received the money in payment of the judgment rendered thereon? The defendant objected to this question, upon the following grounds: 1. Because there is higher and better evidence of the facts sought to be proved. 2 Because the question calls for illegal, irrelevant and incompetent evidence. The court overruled this objection, and the defendant duly excepted. This ruling constitutes the basis of the third assignment of error. Upon the witness answering "No," the defendant moved the court to exclude the answer of said witness upon the same grounds of the objection urged to the question. The court overruled said motion, and the defendants duly excepted. This ruling constitutes the basis of the fourth assignment of error. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury. Upon the introduction of all the evidence, the court rendered judgment in favor of the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

KNOX, BOWIE & BLACKMON, for appellants.—A certificate of reversal issued by the clerk of this court is not sufficient to prove the fact of reversal on the trial of another cause, but such fact must be proven by a transcript from the records of the court.—*Dothard v. Shield,* 69 Ala. 135, 139. The admission of immaterial testimony, unless it clearly appears that no injury resulted therefrom, is ground for a reversal of a cause, if objected to in the court below.—*First National Bank v. Chaffin,* 118 Ala. 246.

[First National Bank of Anniston v. Lippman.]

The defendant is not entitled to recover the proceeds of a judgment collected by the plaintiff upon showing that the judgment was reversed in this court where it appears that the plaintiff has an equitable right to retain the money paid upon the judgment which was after-wards reversed.—*Dupuy v. Roebuck*, 7 Ala. 484, 486; *Duncan v. Ware*, 5 Stewart & Porter, 119.

The insufficiency of a claim of exemption is waived if the plaintiff file an affidavit of contestation and answer when the same is interposed under section 2047 of the Code. The plaintiff is not required to waive the insufficiency of the claim, but has the right notwithstanding notice to ignore the claim altogether and move the condemnation of the property to the satisfaction of his demands.—*Young v. Hubbard*, 102 Ala. 373; *Ely v. Blacker*, 112 Ala. 311; *Randolph v. Little*, 62 Ala. 396; *Ex parte Redd*, 73 Ala. 548.

The alleged amendment to the claim of exemptions, if proper to be filed at all, could not be filed with the sheriff, but permission therefor should have been asked of the court, and it is there, if at all, that the amendment should have been filed.—*Buckland v. Tonsmere*, 90 Ala. 503; *Tonsmere v. Buckland*, 88 Ala. 312.

A. P. AGEE, *contra.*—This action proceeds on the idea that the First National Bank has received money, the proceeds of exempt property, which *ex equo et bono* belongs to plaintiff, and the same was recovered under a judgment which was subsequently modified by the Supreme Court, as above stated—the plaintiff having claimed said property as exempt, and such claim never having been contested, except in so far as it may be said that there was a contest on her plea on trial of attachment suit in the city court, where said plea was not sustained, but was sustained on appeal to the Supreme Court.—*Dupuy v. Roebuck*, 7 Ala. 484; *Williams v. Simmons*, 22 Ala. 425; *Town Council v. Burnett*, 34 Ala. 407; *Ewing v. Peck*, 26 Ala. 416; *Lanford v. Lee*, 119 Ala. 248.

HARALSON, J.—The certificate of the clerk of the Supreme Court showing the action of this court at its

November term, 1898, in the case between R. Lippman and The First National Bank of Anniston, was properly admitted in evidence.—Code, § 3860, subdiv. 5, and § 3861. It is therein provided, that "such certificate shall be evidence in any cause in any court in this State of the facts set forth as herein provided." Formerly such a certificate could be looked to only as authorizing the lower court, to proceed to a new trial in the cause to which it related, and was not competent evidence of a reversal of the cause.—*Dothard v. Sheid,* 69 Ala. 135. The sections of the Code referred to were adopted to correct this rule, and to dispense with the expense of a transcript of the records of this court properly exemplified, to prove the matters of which the certificate is now made competent evidence.

The third and fourth assignments of error cannot be sustained. It was competent to show by the witness Shepperd, the identity of the cause decided in the Supreme Court with the attachment suit between the same parties, in the city court of Anniston. The questions propounded to his witness, the clerk of the court, as to there being any other case between these parties in said court, besides the one appealed from as shown by the appeal bond, and on which plaintiff's attorney received $553.94, was not liable to the objections interposed to it, and was properly allowed.—*Bessemer L. & I. Co. v. Jenkins,* 111 Ala. 137.

D. C. Blackwell testified that he was present at the sale made by the sheriff of the stock of goods known as the R. Lippman stock in October, 1897, and that the total amount realized therefrom was $1,602. To the question calling for the amount in money the stock brought at the sale, the defendant objected, that there was higher and better evidence of the fact. It was not denied that the proof was relevant. If Blackwell knew the fact he might well state it. What amount the goods brought at the sale was not a question at issue, and the fact of what they did bring, which the witness was asked to state, was a relevant, collateral fact to the main issues in the case.

The plaintiff,—as required by section 2521 of the

Code of 1886, operative then, and now section 2047 of
the Code of 1896,—after the levy on her stock of goods
by the sheriff, who took them into his possession, and
prior to the sale, filed with the officer making the
levy a claim in writing verified by oath, to such part
of the property levied on which she claimed as ex-
empt. She gave an itemized list of the property, with
the values annexed, in account form, aggregating
$999.94. The stock of goods of the defendant levied on
by the sheriff was taken into his possession, and as
the evidence tends to show, defendant had no access
to them. The sheriff made an inventory of them, and
the defendant described the goods claimed as they were
described in the inventory of the sheriff. This was al-
together sufficient.—*Pinkus v. Bamberger,* 99 Ala. 266.
Her affidavit attached to this inventory of goods which
she claimed as execpt, seems to be in substantial com-
pliance with said section of the Code. She also stated,
in further compliance with said section, that she filed
therewith a statement of the personal property, choses
in action and money, with the value and location
thereof, as required by the provisions of section 2525
of the Code; and this statement made under oath,
seems also to be in substantial compliance with the
statute. Said section 2521 of the Code of 1886 while
it gives the defendant the right or privilege of claiming
exemptions, imposes no obligation on him, except in
the manner of presenting his claim, if he should make
it. When filed with the sheriff, who has made a levy,
it requires such officer, within three days thereafter, to
give to the plaintiff, his agent or attorney, written
notice of the filing of the claim, who has the privilege
of contesting the same. It is also to be observed,
that under section 2525 of the Code of 1886,—2051
of Code of 1896,—the defendant is not required to
give the value of property owned by him and not claimed
as exempt, except on the written demand of the plaintiff.
In this case, there was no such demand, but still the de-
fendant as above stated, substantially complied with
the law in that respect, as though plaintiff had made
demand therefor. This it may be presumed she did
out of abundant caution.

The claim of exemption as first made, failed to state when defendant's debt accrued; but on the next day, defendant amended her claim by filing with the sheriff an amendment, by adding thereto the statement, that the debt sued on by plaintiff was contracted after the 23d day of April, 1873. It was entirely competent for defendant to thus amend her claim, and as amended, we fail to see the validity of the objections made to its introduction in evidence, (*Block v. George*, 83 Ala. 178, 185; *Block v. Bragg*, 68 Ala. 291) ; and if the claim as lodged with the sheriff was defective in any material aspect, this fact did not render it void, but was sufficient to put on plaintiff, if informed of it, the duty of contestation, since it was amendable on the trial in the court from which the process issued.—*Straughn v. Richards*, 121 Ala. 611.

Neither the sheriff nor the plaintiff paid any attention, so far as appears, to the claim of exemptions thus interposed by the defendant. She did all she was required to do, and her property, claimed to be exempt, was sold, notwithstanding, and the debt of plaintiff was paid out of the proceeds. As we have seen, it was not the duty of defendant, Mrs. Lippman, to notify plaintiff, the bank, of the filing of her claim, but it was a duty the sheriff owed the bank to do so, and failing, if damage thereby came to the bank, it is the sheriff's fault and not the defendant's, for which he is answerable, if to any one, to the bank.

The money paid to the plaintiff out of the property claimed as exempt, to which it has shown no right, and which *ex equo et bono* belongs to Mrs. Lippman, she had a right to recover it in this action.—*Lanford v. Lee*, 119 Ala. 248; *Dupuy v. Roebuck*, 7 Ala. 484; *Williams v. Simmons*, 22 Ala. 425; *Ewing v. Peck*. 26 Ala. 413; *Town Council v. Burnett*, 34 Ala. 407; *Marks v. Cowles*, 61 Ala. 302.

If there was illegal evidence admitted on the trial, the other uncontradicted evidence is sufficient to support the finding and judgment of the court.

Affirmed.