FRANK STEIN, Appellant, v. THE LOCAL BOARD OF REVIEW, ETC, Appellee.

**Taxation:** PROOF OF INDEBTEDNESS: BEST EVIDENCE. Indebtedness is 1 a fact in and of itself which is provable orally by the testimony of those who have a personal knowledge thereof; so that a taxpayer in seeking to offset his indebtedness against an assessment of his moneys and credits need not produce the written evidence thereof on the ground that such is the best evidence.

**Same.** Proof that a taxpayer is indebted in the amount claimed 2 by him is not overcome by evidence that in former years he reported a less amount, nor by a certificate of the county clerk of a foreign state where the existing indebtedness is held that the same is assessed in such county, where the same fails to show that the holder is a resident of the taxing district, and that such clerk is the custodian of the tax records and authorized to certify thereto.

**Same:** PENALTY: WHEN AUTHORIZED. The penalty provided in 3 Code, section 1357, does not apply when the taxpayer made a false statement respecting his indebtedness, but only when he refuses to furnish the assessor a verified statement of his assessable property.

*Appeal from Guthrie District Court.*— HON. JAMES D. GAMBLE, Judge.

WEDNESDAY, OCTOBER 16, 1907.

THIS is an appeal in equity from the action of the defendant, the town council of Casey, in Guthrie county, sitting as a board of review of assessments for taxation purposes. The court below denied appellant any relief, and he brings the case here for further hearing.— *Reversed.*

*Hinkson & West,* for appellant.

*C. E. Berry* and *A. M. Fagan,* for appellee.

BISHOP, J.— Plaintiff, when applied to by the local assessor for the town, gave in as the value of his moneys and credits the sum of $36,000 and other personal property in the sum of $100. He claimed to be indebted in the sum of $26,000, which sum he was entitled under the statute to have deducted from the sum of his moneys and credits. This was allowed, and accordingly he was assessed in the sum of $10,100. On the matter coming before the board of review, that body refused to allow credit for indebtedness in the sum claimed by plaintiff, and raised his assessment as for moneys and credits to $34,000. Furthermore, the board, proceeding under section 1357 of the Code, added a penalty of one hundred per cent. on both moneys and credits and other personal property, making the total assessment $68,200.

On the trial in the court below plaintiff testified that he was indebted to his brother, William Stein, residing in Omaha, Nebraska, in the sum of $22,000 on promissory notes, and that he was also indebted to other persons on promissory notes in the aggregate sum of about $4,000. And he declared that all such indebtedness was actual and in good faith. His statement was fully corroborated by the testimony of his brother, and by one of the other creditors named by him. The defendant moved to strike all this evidence from the record for the reason that it was secondary

— the notes representing the indebtedness being the best evidence, and such had not been produced or the absence thereof satisfactorily accounted for.  A submission of the motion was taken with the case.  The defendants offered no evidence other than the assessment books of the town for previous years showing that the amount of indebtedness claimed by plaintiff was considerably less than that claimed for the year in question, and also a " certified copy from the county clerk of Douglass county, Nebraska," showing that William Stein had not at any previous year given in for assessment and taxation moneys and credits in any amount.  That the amount of moneys and credits owned by plaintiff as stated by him to the assessor was approximately correct is not the subject of serious question, and that he was entitled to offset as against the sum thereof " the gross amount of all debts in good faith owing by him " is the plain provision of Code, section 1311.  The court below refused to allow an offset in any sum on account of indebtedness.  It would seem from findings filed at the time of entering decree that this was on the theory that, as the indebtedness of plaintiff was all represented by promissory notes outstanding, such notes were the primary evidence, and, plaintiff having omitted to produce the notes, and having neglected to satisfactorily account for the absence thereof, secondary or oral evidence was not receivable, and hence there was a failure of proof.  The view thus taken was in our opinion clearly erroneous.

We are not unmindful of the maxim recognized in all the books that the best evidence of which a thing to be proven is susceptible must be produced or its absence accounted 1. TAXATION: for.  And out of this comes the rule — given proof of indebtedness: controlling importance by the court below — best evidence. that, where parties have put their agreement in writing, the best or primary evidence of the terms of such agreement is the writing itself, and oral evidence can be received only after proper foundation is laid.  Of course, the

maxim has application in this as in all other cases, but the rule relied upon has no application.    Indebtedness is a fact in and of itself.    And its existence as a fact is in no wise dependent upon the form or character of the evidence which the parties have adopted as a means for identifying the amount, the time and terms of payment, etc.    True enough there are cases where in virtue of a special rule founded on public policy oral evidence of the existence of an indebtedness or obligation will not be received.    But that is only between the immediate parties and their privies, and where the evidence is sought to be introduced in a proceeding brought to enforce the indebtedness or obligation.    Now, as related to the abstract fact of indebtedness, it would seem that the good faith statements of the debtor, confirmed by the creditor, ought to be taken as conclusive on the subject. And we are unable to see how the form of the statement — that is, whether oral or in writing — can be said to make any difference.    At best, a promissory note is only presumptive evidence of a debt; in truth, it may be void, or subject to avoidance, for any one of several reasons, or it may have been paid.    It follows that, where the fact of indebtedness existing is the sole matter of inquiry, the statements understandingly made of those who have personal knowledge is the best evidence, and the note, if such there be, is no more than corroborative of such statements.

In this case the evidence for plaintiff was sufficient to show an indebtedness in an amount substantially as claimed by him.    And this was not overcome by the evidence offered on behalf of the board.    The fact that plain-

2. SAME.

tiff had given in as the sum of his indebtedness a less amount in former years would be a circumstance competent as addressed to an issue of fraud, but, standing alone, it could not be accepted as sufficient to sustain the issue.    And it cannot be said that the certificate of the Douglass County, Nebraska, clerk carries with it any evidentiary value whatever.    It does not appear that the brother of plain-

tiff resided within the taxing district of Douglass County; but, if the fact were otherwise, and conceding the competency of such a certificate as evidence, there is nothing to indicate that the clerk of the county was the custodian of the tax records, and authorized by law to certify as he here assumed to do.

In view of what has been said foregoing, it is unnecessary that we speak of the act of the board in adding the one hundred per cent. to the assessment as a penalty; but

3. SAME: penalty: when authorized.

it may not be amiss to add that the operation of the penalty statute was misunderstood. It is only where there is a refusal to furnish to the assessor a verified statement or to list property subject to taxation that a penalty is authorized to be imposed. Code, section 1357. And this statute, like all others imposing penalties, must be strictly construed. The penalty for a false statement by a taxpayer respecting the amount of his indebtedness, if any there be, would be that imposed by Code, section 1358, which makes a false statement to the assessor, verified as required by law, perjury.

For the reasons pointed out, the decree is reversed, and the case is remanded for a decree in harmony with this opinion.— *Reversed.*