# Gulf Compress Co. *v.* Jones Cotton Co.

*Bill for an Accounting and for Damages.*

(Decided April 30, 1911. 55 South. 206.)

1. *Equity; Proceedings before Register; Re-examination of Witness.*—Where the decree of reference directs that the register will use all the testimony on file, together with any other legal and competent evidence, that may be offered by the parties, there is no error in permitting the re-examination of a witness; especially where the interrogatories to such witness on the second examination were crossed by the adversary party without objection, and the second depositions were merely a detailed explanation of matters referred to in the first interrogatory.

2. *Same; Report.*—A discrepancy between the statement of a witness that there were thirty-four bales of cotton, and an exhibit which showed only thirty-three bales, would not justify the court in saying that the register's report was incorrect in that regard.

[Gulf Compress Co. v. Jones Cotton Co.]

3. *Evidence; Best and Secondary; Collateral Writing.*—Where the complaint was for damages for cotton stored and shipped, and the increased price which complainant was required to pay in the open market for cotton to fill a contract it had with another was claimed as damages, the contract with the third party was a collateral incident to the main cause of action, and did not fall within the rule requiring the production of the writing as the best evidence of its contents.

4. *Bailment; Termination; Delivery to Carrier.*—Where the cotton was injured by the negligence of the compress company while actually in its possession, the fact that there had been by a delivery of the compress receipts to the carrier a constructive delivery to it, did not relieve the compress company from liability for its negligence.

5. *Damages; Loss of Goods.*—Where the complainant sought damages for the loss of cotton, it was immaterial whether complainant actually bought other cotton to supply its place so as to fulfill a contract with a purchaser, since the complainant was entitled in any event to damages to the amount it would cost to supply the missing cotton.

6. *Carriers; Carriage of Goods; Custody and Control; Title of Shipper.*—Where goods are shipped under a contract by which the shipper is to deliver them to the consignee, the shipper may maintain suit against the carrier for their loss or injury.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by the Jones Cotton Company against the Gulf Compress Company for an accounting and to apportion damage. From a decree for complainants, respondents appeal. Affirmed.

KYLE & HUDSON, for appellant. The court erred in permitting Wall to be examined a second time.—*Bonner v. Young,* 68 Ala. 35; *Pearson v. Darrington,* 32 Ala. 230; 3 Story, 308; 2 John's Ch. 495; 4 Elliott on Ev. Sec. 3225; 32 Fed. 349; 1 Cox, 312. Counsel discuss the assignments of error relative to the admission of evidence, but without further citation of authority. They insist that the title of the cotton had passed to the consignees, and that the consignors were without authority to bring the action.—*Ry. Co. v. Metcalf,* 50 Neb. 452; *Union Co. v. Pacific Clipper Line,* 71 Pa. 552;

*S. & N. R. R. Co. v. Wood,* 72 Ala. 451; 81 Pac. 1005;
·92 N. Y. Sup. 800; 69 Ind. 18.

CALLAHAN & HARRIS, for appellee. The questions
have been adjudicated on the former appeal and are
now the law of this case.—Sec. 5965, Code 1907; *Thom-
ason v. Dill,* 34 Ala. 175; *Pickens v. Oliver,* 32 Ala. 625;
*Bryant v. Booth,* 35 Ala. 269; *Rountree ,v. Turner,* 36
Ala. 555; *Preslar v. Stallworth,* 37 Ala. 402. The de-
cree of reference authorized the re-examination of Wall,
the second interrogatories propounded to him were
crossed without objection and in any event it was
within the sound discretion of the court to permit his
re-examination.—*L. & N. R. R. Co. v. Hall,* 91 Ala. 112;
*Potts v. Coleman,* 86 Ala. 100; *Bogan v. Hamilton,* 90
Ala. 457; *Hall v. Pegram,* 85 Ala. 522; *Mayer Bros. v.
Mitchell,* 77 Ala. 312. The other questions attempted
to be raised manifestly do not concern appellant.

SIMPSON, J.—This case has been before this court
twice before. In the first case the equities of the bill
were settled.—*Gulf Compress Co. et al. v. Jones Cotton
Co.,* 157 Ala. 32, 47 South. 251. On the second appeal
the decree against the Southern Railway Company for
the Jones Cotton Company was affirmed.—*Southern
Railway Co. et al. v. Jones Cotton Co.,* 167 Ala. 575, 52
South. 899.

The correctness of the last decision of this court is
called in question by the appellant. After a careful re-
view, we adhere to that decision, not because it is res
judicata, for under section 5965 of the Code of 1907 we
are not necessarily bound by that decision, but because
we find its conclusions correct. The points raised by
the appellant are fully answered by the opinion in that
case.

There was no error in permitting the re-examination of the witness Wall, not only because that is a matter resting in the sound discretion of the court, but also because the decree of reference specifically states that the register "will use all the depositions and documentary evidence now on file in the cause, together with any other legal and competent testimony that may be offered by the parties;" also, the interrogatories propounded to said witness on the second examination were crossed by appellant without objection, and the second deposition was simply a detailed explanation of matters referred to in the first. Referring to the contention that the contract alleged in the bill (par. 4) was not proved, the opinion last rendered correctly states that "the testimony of the witness Wall supported the contract alleged, and that without dispute" (167 Ala. 575, 52 South. 901, 1st column).

Appellant claims that there was no legal evidence of said contracts because the evidence showed that such contracts were made by telegram, and the witness was allowed to testify as to the contract, without producing the telegrams. As stated in the previous opinion: "The Compress Company was charged as complainant's bailee, * * * not for the carriage, but as warehouseman." If any cotton was damaged or lost by reason of the negligence of the Compress Company while the cotton was in its possession, the complainant would be entitled to damages for the loss, whether there had been any contract with other parties or not. In other words, the contract referred to is a matter collateral to the main purpose of this suit. "Where a written instrument is only a collateral incident to the matter in issue, and its existence, rather than its contents, is the matter desired to be proved, the rule which in general requires the production of the writing as the best evidence of its

contents is not applicable."—*Griffin v. State,* 129 Ala. 92, 29 South. 783; *Costello v. State,* 130 Ala. 143, 145, 146, 30 South. 376; *Fowler et al. v. Pritchard et al.,* 148 Ala. 263, 269, 270, 41 South. 667.

It is not material whether the complainant actually bought other cotton to supply the place of the missing cotton, so as to fulfill its contract (though we do not decide that there is no evidence of this). The complainant would be entitled, at any rate, to damages to the amount it would cost to supply the missing cotton, if it was lost by the negligence of respondent.

The appellant bases an argument on the facts that the receipts by the Southern Railway Company for the cotton were dated May 8 and 13, 1907, and it claims that the evidence does not show that the cotton was damaged before or on those dates. The bill alleges that: "Although the said compress receipts * * * were delivered to the Southern Railway Company on the 8th and 13th days of May, respectively, the said Southern Railway Company allowed said cotton to remain in the hands of the Gulf Compress Company as its agent until, to wit, the 26th day of June, 1907, upon which date it was in part loaded," etc., and the evidence sustains this allegation, and also shows that the damage from rain occurred while the cotton was in the possession of said company. Even though both companies may have been liable for damage suffered after the signing of the receipts, and before the cotton was actually loaded on the train of the Southern Railway Company, yet that fact does not relieve the company whose negligence caused the damage. Consequently it was properly said in the opinion on the last appeal: "Nor did a constructive delivery to the railroad company meet the ends to be served by an actual delivery. It charged the railroad company but did not relieve the Compress

Company."—Page 901, 167 Ala. 575, 52 South. Appellant's brief states that the most important proposition in the whole case is, Who has a right to maintain the suit?

We adhere to the decision heretofore made sustaining the right of the complainant to bring this suit. While it is true as a general proposition that the title to the property passes to the consignee when delivered to the carrier, yet this is not the case when goods are shipped under a contract by which the shipper is to deliver them to the consignee, as they were in this case. It is true, also, as contended by the appellant, that even under such a contract, when the goods are delivered, the goods so delivered become the property of the consignee, but, if the goods are not all delivered, the party who had undertaken to deliver them is necessarily the one who is damaged. But, as to the Compress Company, the only appellant, it is not a question of failure of the carrier to deliver cotton delivered to it, but said Compress Company is held liable for damages done to the cotton while in its possession, and failure to deliver to the carrier certain bales received by it. Consequently this court said on the last appeal: "We think there can be no sufficient reason for holding that by its contract with the railroad company for carriage, or by the assignment of that contract to the North Carolina parties, the complainant company lost the right to have the Compress Company deliver the cotton to the railroad company for carriage in amount and condition as when received by the Compress Company."—Page 901, 167 Ala. 575, 52 South.

Much stress is placed by the appellant on the discrepancy of one bale of cotton between the statement of the witness Wall that there were 34 bales marked "O. S. T." that were repacked, and Exhibit O, which

shows only 33 bales. Said witness stated positively that he weighed the cotton himself, that he had the memorandum before him, and knew it was correct. He then gave the number and weight of each bale, making in all 34. We do not find in his deposition any reference to Exhibits N and O; but, admitting that the exhibits thus marked are the memoranda which were referred.to by the witness, we do not think that the mere fact that one of the numbers is omitted from the list as copied in the record would justify the court in saying that the register's report is incorrect in that particular.

In fact, the evidence in this case has been carefully gone over in the last appeal, and in this one, and without making this opinion unnecessarily long, we think that all of the objections and exceptions urged by the appellant have been fully answered in the last opinion rendered.

The present.decree has followed that opinion, and it is free from error.

The decree of the court is affirmed.

Affirmed.

McClellan, Mayfield, and Somerville, JJ., concur.