# Phillips *v.* Pippin.

*Trover and Conversion.*

(Decided Feb. 6, 1912. 58 South. 111.)

1. *Mortgages; Recording; Filing; Effect.*—Under section 3369, Code 1907, the right of a mortgagee who regularly files his mortgage for record is not impaired by the act of the Probate Judge in recording the mortgage in the deed record, and not in the mortgage record, as he should have done.

2. *Same Conversion of Chattels; Action; Evidence.*—Where the mortgagee of a cotton crop to be grown sues a buyer of a bale of cotton for conversion thereof and shows that shortly after the purchase, he demanded payment from the buyer who refused and stated that he bought the bale of cotton for a firm and procured a third person to pay for it, the testimony of such third person as to the amount paid at the buyer's request was admissible to show the value on the day of the purchase.

3. *Evidence; Testimony of Deceased Witness; Admissibility.*—Where witness had died after testifying at the first trial, his testimony given on the first trial was properly received at the second trial.

4. *Same; Res Gestae.*—In the absence of evidence to show that the buyer paid more than value at the time of the purchase, proof of the payment by the third party for the buyer of the mortgaged property is admissible on the issue of the value of the property at the time of the purchase, and is a part of the res gestae of the conversion by the buyer.

5. *Same; Secondary Evidence.*—Where a person purchased a mortgaged chattel and procured another to pay the seller therefor, the person making the payment may testify that he paid the payment to the mortgagor on the written order of the buyer, although such written order is not produced.

6. *Same.*—Where the action was for conversion of a mortgaged chattel brought by the mortgagee against a person buying from the mortgagor, the amount due on the mortgage was not in issue, and the mortgagee might testify as to the balance due if he knew the fact.

7. *Witnesses; Knowledge; Competency.*—Where a witness testified that according to his best recollection the amount he paid another for cotton was the market value, but that he could not swear posi-

[Phillips v. Pippin.]

tively that the price paid was the market value because of the time which had elapsed since the payment was made, his testimony was properly allowed for the purpose of showing the market value notwithstanding he testified that it was hard to recollect such things and that he just supposed the amount paid was market price.

APPEAL from Dale Circuit Court.

Heard before Hon. MIKE SOLLIE. ·

Action by J. W. Pippin against the Farmers' Warehouse and E. R. Phillips for the conversion of a bale of cotton. Judgment for plaintiff and defendant appeals. Affirmed.

H. L. MARTIN, for appellant. Counsel insist that because the mortgage was recorded in the deed record instead of the mortgage record, that it was not notice to the defendant of its existence. Counsel discusses the evidence objected to, and in support of his contention that the court erred in admitting it, cites 67 Ala. 507; 5 Mayf. section 192; 169 Ala. 229. The recital of the mortgage was not binding on Phillips.—130 Ala. 455; 57 Ala. 431.

· J. E. Z RILEY, for appellee. The filing of the mortgage was sufficient notice without regard to where it was recorded.—Sec. 3368, Code 1907. The matters were collateral, and the witness was properly permitted to testify as to them without producing the papers.—5 Mayf. 367. Counsel discusses other assignments of error, but without further citation of authority.

DE GRAFFENRIED, J.—It appears that B. F. Blackman, on the 6th day of March, 1905, made a mortgage on the cotton crop to be grown by him during that year in Dale County, Ala., to appellee to secure advances for that year and certain other indebtedness. The mortgage was filed for record in the probate office of said county on the day it was made.

The delivery of the mortgage to the probate judge for record rendered it operative as a record from the day of its delivery to the judge for record.—Code, § 3369. The mortgage appears to have been recorded in a *deed* record, instead of a book kept for the registrtaion of real estate or chattel mortgages. This in no way prejudiced the rights of the mortgagee. He performed his duty when he regularly filed the mortgage for record. The failure of the probate judge to perform his duty does not impair the rights of the party filing the instrument for record.—*Truss v. Harvey*, 120 Ala. 636, 24 South. 927; *Chapman & Co. v. Johnson*, 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559; *Mims v. Mims*, 35 Ala. 23; *Turner v. McFee*, 61 Ala. 472; *Siebold v. Rogers*, 110 Ala. 444, 18 South. 312.

2. It further appears from the record that the mortgagor, Blackman, sold one bale of cotton, which was covered by said mortgage, in the fall or winter of 1905 to the appellant. The mortgagor, Blackman, was a witness at the first trial of the case, and on that trial testified that he sold the bale of cotton in controversy to the appellant. As Blackman was dead at the time of the trial of the case when the judgment now appealed from was rendered, the court properly allowed appellee to make proof as to what his testimony was on the trial at which he testified.

It further appears that Blackman raised only four bales of cotton in 1905; that appellee received three of the bales; and that Blackman sold the other bale to appellant, as above stated. The appellee testified that shortly after appellant had bought the cotton he saw appellant at Ariton, and demanded payment for the same; that appellant refused to pay for the cotton, saying that "he bought it from Mr. Blackman; that he bought it for a firm in Savannah; and that he

[Phillips v. Pippin.]

got Mr. Jones to pay for it." Jones, who paid for the cotton, was, against the objection of the appellant, permitting to testify to the amount paid by him, at appellant's request, for the cotton. This testimony was introduced as tending to show the real value of the cotton on the day on which appellant bought it. For this purpose, Jones' testimony was relevant. The payment by appellant, through Jones, to Blackman, of the sum testified to by Jones as the amount paid for the cotton, was a part of the res gestæ of the conversion of the cotton, and, as there is nothing tending to show that appellant, who was a cotton buyer, paid more for the cotton than it was worth, the jury had a right to look to the amount paid for it, in determining its market value at the time it was sold. "Certainly, if recent sales of similiar property in the same neighborhood may be looked to in ascertaining the fair market value of an article at a particular time, an actual bona fide sale of the article, the subject of the litigation, on the day and place inquired about can be shown."—Massey v. Fain, 1 Ala. App. 424, 55 South. 936.

3. The fact that Jones paid the $46.50 to the mortgagor on a written order of the appellant did not affect the competency of Jones to testify to that fact without producing the written order. The amount which appellant paid the mortgagor for the cotton was not one of the issues in the case, but was merely a collateral relevant fact to the main issues. It was relevant, because it had a tendency to show the value of the cotton at the time it was converted, and also tended to show the conversion itself. The order upon which the money was paid by Jones being drawn into the issue collaterally the court committed no error in permitting the witness to state that he paid the money upon such order and in accordance with its directions. The question as to whether the money was paid upon a forged order

was not before the jury.—*Fowler v. Pritchard,* 148 Ala. 261, 41 South. 667; *Duffie v. Phillips,* 31 Ala. 571; *East v. Pace,* 57 Ala. 524; *First National Bank v. Lippman,* 129 Ala. 617, 30 South. 19; *Foxworth v. Brown,* 120 Ala. 59, 24 South. 1.

The above reasoning also disposes of the exception which the appellant reserved to the action of the trial court in permitting the witness Jones to testify that he saw a warehouse receipt. The existence vel non of the warehouse receipt was a mere collateral matter about which the witness had the right to testify, in the absence of evidence tending to show its loss or destruction.

4. After carefully reading all the testimony of Jones, we are of opinion that his testimony shows that, although it had been five or six years since he paid for the cotton, and for that reason he was not willing to swear positively that the price paid by him for appellant was the market value of the cotton, yet, to the best of his recollection, it was. It is true that in one place he says, "I would just suppose it was" the market price, but immediately afterwards he said, according to the bill of exceptions, "it was five or six years ago, and it was hard to recollect such things, but that he thought it was. This last as to his best recollection as to the market price of cotton." The court committed no error in permitting the evidence of Jones to remain before the jury.

5. The court committed no error in permitting the appellee to state that Blackman, the mortgagor, owed him a certain balance on the mortgage. Under the pleadings in this case the *amount* due on the mortgage was not an issue, and if the appellee knew the amount "he might as well state it."—*First National Bank v. Lippman,* 129 Ala. 608, 30 South. 19.

6. It is evident from what we have above said that we are of opinion that the court committee no error in

refusing to give to the jury the several written charges which the appellant requested the court to give to the jury. In our opinion, the record fails to show that the trial court committed, on the trial of this case, any error prejudicial to appellant. The judgment of the court below is therefore affirmed.

Affirmed.