[Georgia Cotton Co. v. Lee.]

# Georgia Cotton Co. v. Lee.

## Assumpsit.

(Decided May 18, 1916.   72 South. 158.)

1. **Sales; Evidence; Agency for Buyer.**—Where the action was to recover for underweight in cotton, and for billing at lower than true grade, the testimony of the party who acted for plaintiff in the sale, relative to the conversation leading up to the sale and its consummation by delivery, tending to show that the cotton was purchased by defendant and not by the party acting for defendant, was admissible.

2. **Evidence; Secondary; Collateral Matter.**—Where the suit was for the difference in the price of cotton billed out at under weight, and at lower than true grade, the draft on the defendant given for the price of the cotton by the party who was acting as agent for defendant was collateral to the issues of under weight and under grading, and its production in evidence was not necessary.

3. **Witnesses; Examination and Cross.**—The refusal of the court to permit defendant to cross examine the party who acted for plaintiff as to whether in discussing the matter with the party who bought for defendant, when the sale was over, plaintiff's agent told defendant's agent that the price he received was $1,800 more than he expected, was proper, since such testimony was not relevant.

4. **Sales; Seller; Evidence.**—Evidence as to whether the party who bought for defendant had an account in the bank of the party who sold for plaintiff, for the purchase of cotton, was immaterial and properly excluded.

5. **Same.**—It is proper to permit testimony that certain of the cotton was delivered for the seller from the warehouse of the witness; that defendant's weigher called back or under weighed the cotton two or three pounds to the bale; and that witness thereafter re-weighed two of the bales and found that one had gained four pounds and the other six pounds.

6. **Trial; Reception of Evidence; Showing Grounds.**—Before a party can put the trial court in error for refusing to permit questions to be answered by a witness, he must inform the court what pertinent matter the answer will elicit.

7. **Witnesses; Impeachment.**—It is not permissible to ask one witness if another witness is not mistaken in his statement as to the use of certain language.

8. **Evidence; Expert.**—Where a witness testified that he received and graded the cotton for defendant, and that cotton standing as did the cotton in question would lose as indicated, plaintiff was properly permitted to cross examine such witness, and ask as to his experience as to such losses of cotton in the time he had been engaged in the business, since one who has been engaged in the cotton business for 25 or 30 years may tell of general depreciation in weight as a matter of fact.

9. **Pleading; Amendment.**—Unless injustice will thereby result to the other party, the right of amendment during the progress of the trial is authorized by § 5367, Code 1907.

[Georgia Cotton Co. v. Lee.]

**10. Charge of Court; Directing Verdict.**—Where there was evidence to support more than one count of the complaint, it was proper to refuse a charge to the effect that if the jury believe the evidence they must find for defendant.

**11. Same; Abstract.**—Where the evidence showed that the cotton was graded by defendant, and by plaintiff's agent, but not by plaintiff in person, a charge to the effect that before plaintiff could recover he must show that in grading the cotton, the agents of defendant undergraded it, and graded it below the grade that it actually showed, and that at the time plaintiff protested and objected, stating that the grades were incorrect, was properly refused.

**12. Appeal and Error; Insistence Upon.**—Assignments of error not insisted upon in brief or oral argument are considered as waived, and will not be treated on appeal.

**13. Sale; Jury Question.**—Under the evidence in this case the issue of fact as to the number of bales plaintiff had of the respective grades, was a question for the jury.

**14. Same; Instruction.**—Under the evidence in this case, it was not error to give at plaintiff's request a charge asserting that if plaintiff sold the cotton to defendant, and the grades were agreed upon, and defendant did not pay plaintiff the price agreed upon, based upon the grades agreed upon, the jury must find for plaintiff for the difference between the price, based upon the grade agreed upon, and the grade shown to have been the grades upon which payment was made.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by R. M. Lee against the Georgia Cotton Company. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals.

The assignments of error relative to evidence sufficiently appear. After the trial was entered upon plaintiff offered an amendment to the complaint, which defendant moved be stricken from the file, which motion was overruled. The following charge was refused the defendant.

(13) The court charges the jury that, before plaintiff can recover on the third count of the complaint, plaintiff must show by the evidence in this case that in grading said cotton the agents, servants, or employees of defendant who had charge of the grading of the cotton for the defendant undergraded it, and graded said cotton below the grade that it actually showed, and that at the time plaintiff protested and objected to said grades, stating that they were incorrect, that they were unfair, and far below the actual grades of said cotton.

The following is charge 1 given for plaintiff:

The court charges the jury that, if they believe from the evidence that plaintiff sold the cotton to defendant, and further believe from the evidence that the grades were agreed upon and further believe from the evidence that defendant did not pay plaintiff the price agreed upon, based upon the grades agreed upon, then they must find for plaintiff for the difference between the price of cotton agreed upon, based upon the grades agreed upon, and the grades shown to have been grades upon which the payment was made.

E. H. HILL and E. S. THIGPEN, for appellant.   LEE & TOMPKINS and ESPEY & FARMER, for appellee.

THOMAS, J.—The plaintiff sought recovery on a sale of 430 bales of cotton for its underweight and its billing at a lower grade than its true grade.   These issues were presented by appropriate counts, to which the general issue was pleaded by the defendant.

(1) Assignments of error numbered 1 to 6, inclusive, challenge the right of witness Foy, who acted for plaintiff in making the sale, to give the conversations leading up to the sale and its consummation by delivery.   Foy had testified that he had personal knowledge of the transaction, and was acting for plaintiff; that he held the cotton receipts, and sold to defendant company. It was competent for the witness to testify to the conversations with defendant and its agent in making the sale and delivery of the cotton and in receiving payment of the purchase price therefor.   The testimony tended to show that the cotton was bought by the defendant, and not by Doughtie, and that Doughtie was acting as defendant's agent in making the purchase.

(2) The draft on defendant for the purchase price was collateral to the issues—of underweight and undergrading—and its production was not necessary.—*Shepherd v. Sartain,* 185 Ala. 439, 64 South. 57; *Phillips v. Pippin,* 4 Ala. App. 426, 58 South. 111; *Fowler, et al. v. Pritchard, et al.,* 148 Ala. 261, 41 South. 667; *Griffin v. State,* 129 Ala. 93, 29 South. 783; *First Nat. Bank v. Lippman,* 129 Ala. 617, 30 South. 19; *Allen v. State,* 79 Ala. 34; *Foxworth v. Brown,* 120 Ala. 59, 24 South. 1; *East v. Pace,* 57 Ala. 524; *Duffie v. Phillips,* 31 Ala. 571; 1 Greenl. Ev., § 89.

(3) The right of defendant, on the cross-examination of Foy, to ask the question, "In discussing the matter with Mr. Doughtie, after the sale was over, didn't you tell him that you had gotten

[Georgia Cotton Co. v. Lee.]

$1,800 more for that cotton than you thought you would?" was denied by the court, which ruling is challenged in the seventh and fourteenth assignments of error. The testimony was not relevant. What Foy thought about the aggregate purchase price of the lot of 429 or 430 bales of cotton held by him as collateral did not tend to prove or disprove the issue being tried. What he thought and what he said to Doughtie did not tend to explain his direct testimony of the facts of the sale to defendant. It was not shown that before and at the time of the sale witness knew the actual weight or grades of cotton, and, in fact, he was uncertain whether the lot embraced 429 or 430 bales.

(4) The question whether Doughtie had an account in witness' bank in 1912 for the purchase of some cotton was likewise immaterial.

(5) The court properly allowed the witness Moneyham to tell that certain of the cotton was delivered for Lee from witness' warehouse, and that the weigher for the defendant "called back" or underweighed the cotton two or three pounds to the bale, and that witness thereafter reweighed two of the bales, and found that one bale gained four, and the other six pounds. This evidence tended to support one phase of the complaint. The conditions of the two bales of cotton had not changed; and it was not an experiment to illustrate a tendency of the evidence, but was the statement of a fact that at least tended to show that two bales of the cotton in question had been underweighed a total of ten pounds, and was also corroborative in effect.

The case of *Ala. Great So. R. R. Co. v. Burgess,* 114 Ala. 587, 22 South. 169, cited by appellee, does not apply to the question raised by this ruling on evidence.

(6) No custom had been proven to prevail in the section where this sale was made, nor was it proven that the sale was made with reference to any custom, to underweigh cotton.— *Crandall-Pettee Co. v. Jebeles & Colias Confec. Co.,* 195 Ala. 152, 69 South. 964. Before the defendant could put the court in error for refusing to permit the questions to be answered it should have informed the court what pertinent matter the answers would have elicited.—*B. R., L. & P. Co. v. Barrett,* 179 Ala. 274, 60 South. 262.

We have examined the other assignments, and find that the trial court committed no reversible error in these rulings on the evidence, so presented for review.

[Georgia Cotton Co. v. Lee.]

(7, 8) While it is not permissible to ask a witness if another witness was not mistaken in his statement of certain language used (*Johnson v. State,* 94 Ala. 40, 10 South. 667; *Braham v. State,* 143 Ala. 28, 38 South. 919; *Newberry v. Atkinson,* 184 Ala. 567, 64 South. 46), yet the case now presented by the exception to the several questions propounded to witness Moss is different. The witness had testified that he received and graded the cotton for defendant, and that cotton standing as this cotton had stood would lose, as indicated. The plaintiff was allowed to cross-examine the witness, and asked for his experience as to cotton losses in the time indicated. One having been engaged in the cotton business for twenty-five or thirty years may tell of general depreciation in weight as a matter of fact. We do not think there was any reversible error in permitting the cross-examination of the witness Mott and Atkinson.

(9) The right of amendment during the progress of the case, unless an injustice will thereby be done the opposite party, is declared in section 5367 of the Code of 1907.—*Hanchey v. Brunson,* 181 Ala. 453, 61 South. 258; *Roden v. Capehart,* 195 Ala. 29, 70 South. 756.

(10) The general charge requested by defendant was properly refused. There was evidence to support more than one count of the complaint, and the charge requested was not as to any specific counts of the complaint, being, in effect, merely that, if the jury believed the evidence in the case, they must find for the defendant.

(11) Charge No. 13 was properly refused, under the issues in the case. The evidence shows that the cotton was graded by the defendant and the agents of plaintiff, and not by the plaintiff in person. The conduct of plaintiff is pleaded in estoppel of his right to maintain his suit for the undergrading of his cotton.

(12) There are 36 assignments of error. Some of them have been treated as waived, or were not elaborated and insisted upon in brief.—*Wes. Ry. of Ala. v. Russell, Adm'r,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; *Ward v. Hood,* 124 Ala. 570, 27 South. 245, 82 Am. St. Rep. 205; *Scarbrough v. Borders,* 115 Ala. 436, 22 South. 180; *L. & N. R. R. Co. v. Morgan, Adm'r,* 114 Ala. 449, 22 South. 20; *Sylacauga Land Co. v. Hendrix,* 103 Ala. 259, 15 South. 594; *Williams v. Spragins,* 102 Ala. 424, 15 South. 247; *Rowland v. Plummer,* 50 Ala. 197.

[Robinson v. Maryland Coal & Coke Co.]

In *Johnson v. State,* 152 Ala. 93, 96, 44 South. 671, this court said: "No argument is presented nor authority cited in support of the assignment of error. Mere recital of what is shown by the record cannot be considered as an insistence on the assignment."

In *Republic I. & S. Co. v. Quinton,* 194 Ala. 126, 69 South. 604, 607, the court said: "The only allusion to this charge in the brief of counsel for appellant is: 'It is submitted that this charge was proper under the plea alleging contributory negligence, and should have been given.' This does not 'reach the dignity of an insistence upon the grounds of error covering it' (*W. U. T. Co. v. Benson,* 159 Ala. 254, 264, 273, 48 South. 712), and hence this assignment must be disregarded."

We will therefore not consider the twenty-sixth, twenty-eighth, twenty-ninth, thirtieth, and thirty-second assignments of error. We may say, however, that we have examined the charges refused and given, and find that the jury were properly instructed by the court.

(13, 14) There was no error in the giving of plaintiff's requested charge No. 1. The testimony of Lee, in explanation of the invoice on which payment was made, and of the number of bales he had of the respective grades, was in conflict with the terms of the invoice and with the testimony of the witness Doughtie; and that issue of fact was correctly submitted to the jury on the question of "undergrading" the lot of cotton.

Finding no reversible error, the case is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.