153 So. 609

### JOHNS–MANVILLE SALES CORPORATION v. WILLIAMS et al.

### 2 Div. 40.

Supreme Court of Alabama.
March 22, 1934.

R. C. Price, of Tuscaloosa, for appellant.

McKinley & McDaniel, of Linden, for appellees.

BROWN, Justice.

Action on the common counts, on account, account stated, and merchandise, goods, and chattels sold by the plaintiff to the defendants. The pleas were the general issue, payment, set-off, and recoupment, but at the close of the evidence the defendants withdrew the pleas of set-off and recoupment, and on their request in writing the court instructed the jury, that if they believed the evidence, their verdict should be for the defendants.

The view we take of the case makes it unnecessary to treat all the questions presented by the numerous assignments of error, as they will probably not arise on another trial of the case.

The court, on motion of the defendants, excluded the testimony of the plaintiff's witness Butler on the ground that his testimony showed that the defendant Earl Williams for the defendants signed a written order for the carload of shingles and the accessories, consisting of ridge rolls, nails, and some roll roofing, the purchase price of which constituted the basis of the account sued on, and said signed order was the best evidence. In this ruling the court committed reversible error.

Butler was the salesman for plaintiff and made the sale of the goods to defendants, and testified from his personal knowledge of the transaction; the testimony offered was not to prove the contents of the writing, but the fact of the sale and the purchase price of the goods.

"The 'best evidence rule' is not operative in all cases, as exclusive of proof by parol of some fact or facts evidenced by the instrument. In so far as the contents of the writing are concerned and the legal effect thereby created, it may be collateral to the issue, in which case some fact asserted therein may be established by extrinsic evidence. Thus, where it is desired to prove the existence of a partnership, and not the mutual obligations and rights, as expressed in the partnership agreement, parol evidence has been received to establish that fact. In such cases the existence of the partnership stands apart from the terms of its creation and continuance. A similar situation is presented, where the fact that a person occupies the relation of a tenant to another, is sought to be proved. No occasion here arises, in the absence of any attempt to prove the terms of the tenancy, for requiring the production of the writing creating it. Proof of the relation may be made by extrinsic evidence.

In like manner where the question of the ownership of personal or real property is collateral to the issue, proof of such fact by parol evidence has been allowed. That a particular writing has been executed may also be shown in this manner. In much the same way evidence apart from the writing itself has been received to show *the fact of a sale, an indebtedness,* the delivery of a contract, that one is president of a corporation, the payment of a license fee, taxes or money upon an order, or settlement of an account and the like." (Italics supplied.) Vol. 5, Chamberlayne's Modern Law of Evidence, § 3583; Johnson v. Carlin (1913) 121 Minn. 176, 141 N. W. 4, Ann. Cas. 1914C, 705; Stein v. Local Board of Review, 135 Iowa, 539, 113 N. W. 339, 340; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Gulf Compress Co. v. Jones Cotton Co., 172 Ala. 645, 55 So. 206; Phillips v. Pippin, 4 Ala. App. 426, 58 So. 111.

The issue being tried was the existence of an indebtedness due from the defendants to the plaintiff. As observed by the Iowa court, in the case cited above, "Indebtedness is a fact in and of itself. And its existence as a fact is in no wise dependent upon the form or character of the evidence which the parties have adopted as a means for identifying the amount, the time and terms of payment, etc. * * * At best, a promissory note is only presumptive evidence of a debt; in truth, it [the note] may be void, or subject to avoidance, for any one of several reasons, or it may have been paid. It follows that, where the fact of indebtedness existing is the sole matter of inquiry, the statements understandingly made of those who have personal knowledge is the best evidence, and the note, if such there be, is no more than corroborative of such statements." Stein v. Local Board of Review, 135 Iowa, 539, 542, 113 N. W. 339, 340.

And in Shepherd v. Sartain, 185 Ala. 439, 64 So. 57, 64, the issue was whether or not a poll tax had been paid. The court observed: "Poll tax receipts, though shown to be in existence, are not the best evidence of the fact of such payments, in such sense as to forbid parol proof thereof. This has always been the law as to payments of money in general, and our statutes have prescribed no stricter rule for proving the payment of taxes. Johnson v. Cunningham, 1 Ala. 249. The reason of the rule is that payment is a substantive independent fact of which the receipt is merely one form of evidence, and proof of the original fact is in no sense proof of the contents of the re-

ceipt. Dorough v. Harrington, 148 Ala. 305, 42 So. 557."

This is true here, while the written order was evidence of the fact of the sale, and may have tended to show an indebtedness for merchandise, goods, and chattels sold, it would not in and of itself establish the existence of an indebtedness due from defendants to plaintiff; nor did its existence preclude the plaintiff from offering parol evidence of such sale.

We are further of the opinion that the testimony of the witness Stockmar, the representative of the plaintiff, showing that Earl Williams admitted an indebtedness due for the shingles, was sufficient to carry the case to the jury.

The statements of the account showing that there were two separate and distinct corporations, had been excluded, and on the evidence before the court the jury might well have concluded that if there was an indebtedness due at all, it was to the plaintiff whose representative was seeking to collect it.

For the errors noted, the judgment will be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.