# Fowler, *et al. v.* Pritchard, *et al,*

## *Forcible Entry and Detainer.*

(Decided June 14th, 1906. 41 So. Rep. 667.)

1. *Forcible Entry and Detainer; Removal to Circuit from Justice Court; Separate Trial of Issues.*—In an action of forcible entry and detainer, begun in the justice court, and removed to

[Fowler, et al. v. Pritchard, et al.]

the circuit court, before trial, in accordance with the provisions of §§ 2147, 2148 and 2149, Code 1896, the defendants are not entitled to have, as of right, a separate trial of the issue of force, *vel non*.

2. *Same; Statutes; Issues and Proof.*—In an action of forcible entry and detainer, removed before trial in the justice court to the circuit court, the only issue is as to the manner of defendants entry and not how he held possession after entry; as the plaintiff must recover on the strength of his title, unless he can show an entry by defendant under some contract or agreement with plaintiff, or those under whom he claims, or by the use of force.

3. *Same; Prior Suit; Evidence; Relevancy.*—The fact that a prior suit had been brought was irrelevant, where such suit had no bearing on the forcible entry, or the title to the land.

4. *Same; Instructions; Issues.*—The issues presented being whether defendant entered by force, and which party had the title to the land, an instruction asserting that the possession of the property obtained by the defendant was a scrambling possession, not obtained in good faith, and that if the jury believed it was so, when obtained, they should find for the plaintiff, not presenting a question within the issues, was erroneous.

5. *Same; Elements of.*—The mere opening of a gate to enter premises is not such force as will, in law, constitute a forcible entry.

6. *Same; Instructions.*—An instruction that if the grantor of the property had sufficient mental capacity to comprehend the nature of his act when he made a deed to his brothers, the verdict should be for plaintiff, although the jury might believe that the procuring of the deed was a fraud on the grantor, and that if he had such capacity to comprehend the nature of his act, both he and his heirs were barred by the statute of limitations to claim that the deed was fraudulent, was faulty in failing to hypothesize knowledge of the frauds and facts showing adverse possession.

7. *Appeal; Instructions; Objections at Trial.*—The court marked a charge "given," but inadvertently handed it to the clerk with the refused charges, and it did not get to the jury. Held, in the absence of a showing that the trial court's attention was called to the inadvertance at the time, plaintiff cannot now complain of it.

8. *Same; Evidence; Exclusion.*—The exclusion of a memorandum of notice to quit on one of the defendants was harmless where the jury found that defendant's entry was not by force or under any contract or agreement with plaintiff or those under whom plaintiff claimed.

[Fowler, et al. v. Pritchard, et al.]

9. *Evidence; Declaration of Third Persons; Res Gestae.*—Where there was no pretense that witness had any thing to do with the entry, but came on the premises after entry by other defendants, evidence as to what he said at the time he came on the premises is not *res gestae*, and is inadmissible.

10. *Same.*—Evidence as to what a witness and a third person, after entry of defendants, said with reference to the property is inadmissible.

11. *Same; Best Evidence.*—The commencement of a prior suit being merely collateral matter, it was not necessary that it should be established by the best evidence, the record; it could be shown otherwise.

12. *Limitation of Actions; Persons under Disability.*—The statute of limitations does not run in favor of the entryman during the period of the grantor's disability, where the entry was made under a deed executed during the grantor's incompetency.

13. *Trial; Abstract Charges.*—In the absence of any evidence that any part of the consideration of a deed was the future support of the grantor, a charge which asserts that if the grantor had sufficient mental capacity to comprehend the nature of his act when he executed the deed, and that it was procured without fraud, the jury should find for the plaintiff, although they might further find that one of the considerations for the deed was a contract to support the grantor, which was subsequently broken, is abstract and properly refused.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

Action by Laura Fowler and others against Irene Prichard and others. From a judgment in favor of defendants, plaintiffs appeal.

This was an action of forcible entry and detainer begun in the justice court by appellants against appellees. The defendants in the justice court filed their petitions and affidavits as required by sections 2147, 2148, code 1896, and thereupon the cause was removed to the circuit court. The plaintiff made a motion in the circuit court to try first the issue as to whether or not the entry was made upon the premises by the defendants by force. The court overruled this motion and required the trial to proceed as in an action in the nature of ejectment. A great many assignments of error were based upon the introduction of evidence. The first assignment of error relates to the refusal of the court to

permit the introduction of the return on the notice
to quit of the bailiff as to Mrs. Loretta Fowler, one of
the defendants. The evidence shows that notice was
served on the other two defendants, but the bailiff did
not know whether service was perfected on Mrs. Fowler
or not, but testified that it was on some lady. George
Norris testified that the day after the defendant moved
on the premises he went there to see Mrs. Pritchettt,
and found a chain around the top of the gate. "There
was a man standing there, a big stout fellow. I after-
wards found his name was Broadus. I did not know
who he was, and stepped in there; and he said, 'You
cannot go in here,' and I said, 'Why not?' " Defendants
objected to the conversation between Norris and Broa-
dus. Plaintiffs stated to the court that they expected
to show by this conversation that this man Broadus was
a guard retaining the property by force under the au-
thority of the defendants. The court sustained the ob-
jection and excluded the testimony. Mrs. Loretta Fow-
ler, testifying, said that she was a daughter of John P.
Fowler, and that he was living in 1888 on the place in
controversy and became paralyzed. She was asked by
the defendants' counsel what was the condition of his
mind at that time. Plaintiffs' counsel objected to the
question, and to the entering into the question of the
insanity of John Fowler at this time, because it relates
rather to the issue concerning the title of the parties
than the possession, and is therefore irrelevant, and im-
material. The other facts sufficiently appear in the
opinion.

The plaintiffs requested the following written char-
ges, which the court declined to give: "(1) The court
charges the jury that the possession of the property in
controversy which was obtained by the defendants was
a scrambling possession, not obtained in good faith.
(2) The court charges the jury that if they believe
from the evidence that the defendants' possession of the
lands in controversy was a scrambling possession when
obtained, they ought to find a verdict for the plaintiffs.'
(3) General affirmative charge. "(4) The court
charges the jury that the force necessary to open an un-
locked, but closed, gate is force within meaning of the

law ;and, if the jury believe from the evidence that the defendant had to shove open or move gates to get into possession of the property in controversy, such taking of possession was by force and would entitle plaintiff to recover. (5) If the jury believe from the evidence that said John Fowler had sufficient mental capacity to comprehend the nature of his act when he made the deeds to his brothers George and Cornelius, and that the same was procured to be made without any fraud upon said John, the jury ought to find a verdict for the plaintiff, although the jury further believe from the evidence that one of the considerations therefor was a contract to support said John, which was subsequently broken in whole or in part, if it was broken. Such breach of contract, if any breach occurred, would not invalidate said deed in this court, which is a court of common law. (6) The court charges the jury that, if they believe that John Fowler had mental capacity to comprehend the nature of his act when he made said deed to his brothers, George and Cornelius, they ought to find a verdict for the plaintiff, although they may also believe from the evidence that the procuring of said deed to be made was a fraud upon said John. If he had such capacity to comprehend the nature of his act in making said deed, both said John and his heirs are barred by the statute of limitation of one year and ten years to claim that the same is fraudulent. (7) The court charges the jury that it is without conflict in this case that the plaintiffs, or one of them, was in posesssion of the property in controversy immediately prior to the entry thereon by these defendants; and if the jury believe from the evidence that the defendants are guilty of a forcible entry and detainer thereof, as defined by the court, you ought to find a verdict for the plaintiff, regardless of the question whether John Fowler had sound mental capacity or not, and regardless of whether said deed from him to his brothers, George and Cornelius Fowler, was fraudulent or not." As to this charge the court marked the same "Given," but inadvertently handed the same to the clerk with the refused charges, telling the clerk that these were refused charges, which the clerk put in an envelope and filed

away, and the same was never given to the jury. Plaintiff's counsel was ignorant of the fact that this charge was marked "Given," and reserved an exception to the court's action in refusing to give the same to the jury.

The court, at the request of the defendant, gave the following written charges: "(A) If the jury should believe from the evidence that, at the time of the purported execution of the deed offered in evidence by the plaintiffs as having been made by John Fowler he was then insane—that is to say, of unsound mind to such an extent or degree as to incapacitate him from knowing and understanding the ordinary affairs of life or of transacting any business—and if he continued in that condition until his death, then the possession of George Fowler during such incapacity of John Fowler could not be adverse to John Fowler, and he could not claim adversely to John Fowler during the time of his incapacity by reason of his mental condition. (B) If the jury should believe from the evidence that, at the time of the making of the purported deed offered in evidence, John Fowler was insane—that is, of unsound mind to such extent as not to know and comprehend at the time that he was signing a deed conveying his house and lot—then said deed would be absolutely void; and, if George Fowler entered into possession of the land under that deed, he could not claim the benefits of the statute of limitations or of adverse possession under that deed as color of title during the time John Fowler may have continued insane, and the statute of limitations or adverse possession would not begin to run in favor of George Fowler, or of his heirs, until the death of John Fowler."

R. W. Stoutz, for the appellants.—The court erred in refusing to grant appellants' motion to require the issue of force to be tried apart from that of title.—§§ 2147, 2135, 1532, and 2149, code 1896. The declarations of the witness Broadus were part of the res gestate and admissible against the defendants.—*Birmingham Ry., L. & P. Co. v. Mullen*, 138 Ala. 614. The court erred in permitting the witness Cornelius Fowler to state under what circumstances the deed testified about

was made and how came it to be made. An equitable estoppel can not be asserted in a court of law.—*Harrison v. Alexander,* 135 Ala. 310; *Simmons v. Richardson,* 107 Ala. 697. The matter of the chancery suit begun by Irene Pritchard in 1897 was collateral to the issue, and the record need not be produced; and the court erred in sustaining an objection to the question propounded to said Irene Pritcherd as to the institution of the suit in chancery.—*Allen v. The State,* 79 Ala. 34; *Griwn v. The State,* 129 Ala. 93; *Huskey v. The State,* 129 Ala. 94. The plaintiff was entitled to the affirmative charge as the entry was shown to be by force.—§ 2126 code 1896; *Mallon v. Moog,* 121 Ala. 306; *Fearn v. Beirne,* 129 Ala. 435; *Farley v. Bay Shell Road Co.,* 125 Ala. 185; *Knowles v. Ogletree,* 96 Ala. 558; *Espalla v. Gottschaulk,* 95 Ala. 256. The demand for possession, under the facts of this case was unnecessary.—*Bibby v. Thomas,* 131 Ala. 356. Unlawful refusal may be shown by silence.—*Knowles v. Ogletree,* 96 Ala. 558.

L. H. & E. W. FAITH, for appellees.—The statute does not provide for a separate trial as to the forcible entry.—Code 1896, §§ 2147-2149; *Fearn v. Beirne,* 129 Ala. 435. The first, second and third charges refused to appellants were palpable invasions of the province of the jury. The fourth charges should not have been given.—*Mallon v. Moog,* 121 Ala. 303. The court committed no error in refusing the other charges requested by appellants. The 6th on the authority of *Bynum v. Hewett,* 137 Ala. 333; *Persons v. Adams,* 129 Ala. 157; *Jackson v. McCreary,* 137 Ala. 278; *Washington v. Norwood,* 128 Ala. 390. The 7th on the authority of *Birmingham Ry. Co. v. Mullen,* 138 Ala. 614; *Central of Ga. Ry. Co. v. Allen,* 128 Ala. 451.

SIMPSON, J.—This was originally an action before a justice of the peace, brought by the appellants against the appellees for forcible entry and detainer and unlawful detainer. The defendants (appellees) filed their petition in accordance with section 2147 of the code of 1896, and the case was removed to the circuit court.

The first assignment of error insisted upon is that the court erred in overruling a motion made in the cir-

cuit court by the plaintiff to try first the issue made up as to whether the entry of the defendants upon the lands sued for was by force, "before any inquiry is had * * * as to the respective strength of the legal title. of the plaintiffs or defendants." Section 2147 gives the defendant the right to have the case removed to the circuit court, by making the affidavit stating "that the defendant entered upon the land sued for peaceably and under claim of title thereto, and not under claim of any agreement contract or understanding with the plaintiff, or those under whom he claims, and that the petitioner bona fide desires to contest with plaintiff the title to said land." Section 2148 provides for the removal of the case into the circuit court on petitioner entering into bond to pay costs and damages. Section 2149 provides that "on the trial" of such cases "the plaintiff must recover on the strength of his legal title, as in statutory action in the nature of an action of ejectment, unless he can prove that the defendant, or those under whom he claims, entered on said lands under some contract or agreement between plaintiff or those under whom he claimed, or by use of force, in which latter case no inquiry can be had as to the respective strength of the legal title of the plaintiff or defendant." There is no requirement in the statute for a separate trial on the single issue of force vel non before going into the question of title; but, on the contrary, the statute speaks of but one trial, thus: "On the trial" the plaintiff must recover on the strength of his legal title, "unless he can prove," etc. In other words, it is simply a question of proof on the same trial. We cannot see anything in the statute which gives to either party the privilege as a matter of right to demand that there be a separate trial on each issue. That matter can be regulated by proper instructions to the jury. The argument as to the inconveniences resulting from trying both issues in one case addresses itself more particularly to the legislature than to this court. The statute seems to provide for only one trial, and such cases seem to have been heretofore tried in that way.—*Mallon v. Moog,* 121 Ala. 303, 25 South. 583; *Fearn v. Beirne,* 129 Ala. 435, 29 South. 558.

[Fowler, et al. v. Pritchard, et al.]

As to the exclusion of the memorandum of service as to the defendant Laura Fowler, without referring to other reasons, the exclusion was without injury, as the jury by their verdict found that the entry was not by force, or under any contract or agreement with the plaintinff. Consequently, it is immaterial, whether the notice to quit was served on Laura Fowler.

There was no error in the refusal of the court to allow the question as to what the witness Broadus said, as there is no pretense that he had anything to do with the entry, but came there after the parties had entered. It will be observed that the issues in this case are not exactly the same as if the action was tried regularly under section 2126 of the code of 1896, for that section defines what forcible entry and detainer is, and includes therein, not only the forcible entry, but also a peaceable entry followed· by an unlawful refusal by force or threats, while section 2149 states that the plaintiff must recover on the strength of his legal title, unless he can prove that the defendant entered "under some contract or agreement between the plaintiff, or those under whom he claimed, or by some use of force." So that the only issue is as to the manner of his entry, and not as to how he held possession after he had entered.

As to charge 7, the plaintiffs, not having called attention to the "inadvertence," cannot complain of it now.— *Barnewall v. Murrell,* 108 Ala. 366, 18 South. 831.

The several assignments of error based on the admission of testimony under the ejectment alternative of the case are shown by what has been said in the first paragraph of this opinion to be without merit. There was no error in the overruling of plaintiff's objection to the question to the witness Cornelius Fowler as to what the circumstances were under which the deed was made. There was no motion to exclude the answer to the question. There was no error in sustaining the objection by defendants to the introduction of a conversation between the witness Mrs. Daisey Norris and the Malones, as such conversation with a third party could have no legal bearing on the issues in this case. The ground of objection by the defendant to the question to the witness Irene Prichard: "Did you not institute a suit for

this property through Mr. Faith in the chancery court in 1897?" to wit, that the record was the best evidence, was not sufficient to authorize the exclusion of the evidence, as it was a mere collateral matter, and for certain purposes the mere fact that a suit was brought could be proved otherwise than by the record.—*Griffin v. State,* 129 Ala. 93, 29 South. 783; *Allen v. State,* 79 Ala. 34. But the matter inquired of was irrelevant to the issues in this case. The fact that a previous suit had been brought for this property did not have bearing upon the forcible entry or on the title to the land, consequently the court cannot be placed in error for excluding the testimony.

Charges 1 and 2, requested by the plaintiffs, were properly refused. Said charges present no question involved in either of the issues presented in this case, to-wit: First, whether the defendants entered upon the possession of the plaintiffs by force; second, as to which party had the legal title to the land, or was entitled to the possession thereof.

The court properly refused to give the general charge requested by the plaintiffs. As there was conflict in the evidence and upon the facts, as detailed by the witness ,this court cannot say that there was an entry by force. Nor can we say as a matter of law that the defendants entered under or by collusion with the tenant, as some of the evidence tends to show that they did not enter under or by collusion with the tenant, but simply remained in the house after the tenant left.

Charge 4, requested by the plaintiffs, was properly refused. The mere opening of a gate on entering premises is not such force as in law would constitute a forcible entry.—19 Cyc. 1134, 1136; 13 Am. & Eng. Ency. Law, 761. The definition of forcible entry and detainer given in section 2126 of the code of 1896 requires more than a mere opening of a door to constitute that offense, and under section 2149 the distinction was drawn between a peaceable entry and an entry by force, and the burden is on the plaintiff to show that the defendant entered by force. The word "force" carries with it necessarily the idea of violence exercised, and it may include a putting in fear by threats; but it certainly cannot include a

mere entry by the ordinary means of entrance without any breaking and without any threat of violence to the person.

Charge 5, requested by plaintiff, was abstract, as there was no evidence that any part of the consideration of the deed was the future support of John Fowler. Consequently the court cannot be placed in error for refusing to give it.

There was no error in the refusal of the court to give charge 6, requested by the plaintiff. This is not a suit to set aside a deed as fraudulent, and, even if the principle invoked by the appellant was applicable, there is no hypothesis of knowledge of the fraud. If the intention of the framer of the charge was to claim that the plaintiffs had acquired title by ten years' adverse possession, the facts necessary to constitute adverse possession should have been stated in the hypothesis. If the defendants merely remained there as the guests, either invited or permissive, of the Malones, and only took possession the next morning after the tenancy had expired and the tenants moved out, then the intrusion was on the possession of plaintiffs.

Charge A and B, given at the request of the defendant, were properly given. The statute of limitations could not run against John Fowler during the period of his disability.—*Taylor v. Forsey*, 56 Ala. 426, 438. The decisions referred to by counsel for appellant, to the effect that a void deed may furnish color of title, have no reference to the question of capacity of the person against whom the adverse possession is claimed to run. The case of *Riggs v. Fuller*, 54 Ala. 141, does not by any means assert the doctrine that the statute can run against the party who is under the disability, so that the period may expire during the disability, but only that the statute is not suspended during the disability, so as to give him the entire ten years after it ceases, but that only "three years shall remain to the person laboring under them after their removal."—Page 148 of 54 Ala. In other words, he is protected during the disability and for three years thereafter. Even if it be admitted that the effect of the statute would be to give to the person who succeeds to the interest of the infant or

[Brown v. French.]

non compos the same time which he would have, yet in no case could the time be shorter than the ten years, and in this case the proof is very meager as to the adverse character of the possession, and does not run back further than to June, 1895, while the proof shows that the defendants entered November 1, 1904.

The judgment of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.