# General Accident, Fire & Life Ins. Co. *v.* Shields.

*Assumpsit.*

(Decided April 10, 1913.   62 South. 400.)

1. *Appeal and Error; Record; Presumptions.*—Where a complaint was amended after the overruling of demurrers thereto, and on appeal, the record fails to show how it was amended, it will be presumed, in accordance with the rule that an appellate court indulges all presumptions in favor of the correctness of the judgment, that the objections pointed out in the demurrer were obviated by the amendment.

[General Accident, Fire & Life Insurance Co. v. Shields.]

2. *Same; Ruling on Pleading; Waiver.*—A defendant cannot object on appeal to the overruling of demurrers to a complaint where it affirmatively appears from the record that defendant was not put to trial on such complaint, especially in the absence of a showing in the record that the complaint, as last amended was demurred to, or was subject to any of the objections which had been made to the complaint before amendment, by the demurrers interposed.

3. *Same; Record; Amendment of Pleading.*—Where the record proper shows that after the cause was called for trial plaintiff amended her complaint by leave, but there was nothing to show what the amendment was, the appellate court will not presume from the certificate of the clerk that the transcript contained a full, true, correct and complete record of the proceedings in the cause. In other words, will not presume that no amendment was in fact, filed.

4. *Same; Record Entries; Conclusiveness.*—Since all orders and entries made in the regular process of the cause during term time must be received and regarded as emanating from the court itself, such a memorial is conclusive evidence of everything it contains, so far as parties are concerned, and is not subject to contradictions by a certificate of the clerk as to the contents of the record.

5. *Same; Pleading; Refiling After Amendment.*—A defendant cannot complain of the action of the court in sustaining demurrers to pleas filed to the original complaint, where the record does not show that they were made applicable to the complaint as last amended by being refiled thereto.

6. *Same; Assignment; Form.*—Where one of the statements were not subject to the objections made to it, a single assignment of error to the overruling of objections made to the admission of two statements concerning what was expected to be proved by an absent witness, is not sustained.

7. *Same; Assignments of Error; Refused Charges.*—Where there was a failure in appellant's brief to state the points relied on to show that the refusal of certain charges requested was error, in the form prescribed by rule 10, for preparing appellant's brief, and the court is not advised as to the ground on which appellant contended it was entitled to have the charges given, the assignment will not be reviewed.

8. *Same; Review.*—The refusal of a requested charge directing a verdict for the defendant will not be reviewed where the bill of exceptions fails to state that it contains all or substantially all of the evidence, and does not otherwise disclose that it does.

9. *New Trial; Newly Discovered Evidence; Diligence.*—The refusal to grant a new trial for alleged newly discovered evidence, will not be declared erroneous where there is an absence of a showing of diligence, or that defendant was without fault in failing to discover the evidence referred to in time to have presented it at the trial.

10. *Insurance; Accident Policy; Evidence.*—Where the action was on an accident policy, and there was evidence that the insured was found in a dying condition lying on the ground outside the door of his residence, with a bruise on the back of his head and blood on his person, and that his head was close to a brick near the door,

[General Accident, Fire & Life Insurance Co. v. Shields.]

it was competent to show that there was blood on the corner of the brick, as raising an inference that in falling to the ground, insured struck his head against the brick, and therefore, that his death was caused by external, violent and accidental means.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by Savannah Shields against the General Accident, Fire & Life Insurance Company, as beneficiary in a policy issued by appellant to William E. Howard. Judgment for plaintiff and defendant appeals. Affirmed.

JOEL F. WEBB, for appellant. Counsel discusses the rulings of the court in overruling demurrers to the complaint, and in sustaining demurrers to certain pleas, with citation of authority to support his contention of error, but in view of the opinion it is not deemed necessary to here set them out. In discussing assignments of error covering charges 6, 7, 8, 9, 14, 15, 16, 19, 20, 21, I and A, counsel says: "The trial court erred in refusing each of the charges so numbered. Charge 8 relates to the special provision in the policy." Counsel further says: "In support of a number of assignments of error we cite the following cases.—*Satterfield v. Fidelity Mut. L. I. Co.*, 171 Ala. 429; *Hunt v. Preferred A. I. Co.*, 172 Ala. 442."

BLACK & DAVIS, and RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. Where a complaint is amended, and demurrers are not refiled, an appellant is not in position to complain of the action of the court in sustaining demurrers to the original complaint.—*B. R. L. & P. Co. v. Fox*, 56 South. 1013. This court indulges all intendents in favor of the ruling of the trial court.—*Hill v. Smith*, 48 Ala. 562; *Prattville C. M. Co. v. Kennedy*, 59 South. 498. Where a complaint is amended, and the

record does not set out the amendment, it will be presumed that the amendment met the defects pointed out by demurrer.—*B. R. L. & P. Co. v. Fox, supra; S. A. & M. v. Buford,* 106 Ala. 309; *W. U. T. Co. v. Crawford,* 110 Ala. 461. The recitals of the record proper are conclusive as to all matters proper to be shown by the record.—*C. of Ga. v. Ashley,* 48 South. 981. Where the bill of exceptions fails to show that it contained all the evidence introduced, the action of the court in directing a verdict, and the ruling of the court on contested matters of fact, will not be reviewed on appeal.—*Lamar v. King,* 53 South. 279. Where no diligence is shown relative to obtaining the evidence, the denial of a motion for new trial on account of such alleged evidence will not be disturbed.—*McLeod v. Imp. Co.,* 108 Ala. 81. Where the assignment of error is joint as to several questions, all the objections must be well taken to sustain the assignment.—*Continental C. Co. v. Ogburn,* 57 South. 852. Where there is no argument in support of assignments of error they are waived.—Rule 10, Sup. Ct. Pr.; *Keenan v. Lindsey,* 28 South. 570.

WALKER, P. J.—The rulings of the court referred to in the assignments of error, based upon the overruling of demurrers to certain counts of the complaint as amended, were made in October, 1911, at which time there was a mistrial of the case. The minutes of the proceedings of the court in the subsequent trial, which resulted in the judgment appealed from, commence with the following statement: "On this the 13th day of March, 1912, this cause being reached on the docket and called for trial, came the parties by their attorneys, and the plaintiff by leave of the court first had and obtained amends her complaint, as appears by a separate paper writing this day filed, and issue being joined, thereupon

came a jury of good and lawful men," etc. The transcript does not set out the "separate paper writing" referred to in this recital, or in any way show how the complaint was amended at that time. The minute entry affirmatively shows that the trial resulting in the judgment appealed from was had, not on the complaint as it stood when the demurrers referred to in the assignments of error were ruled on, but upon the complaint as it was last amended. Under the rule requiring an appellate court to indulge all presumptions in favor of the correctness of the judgment appealed from, the result of the record showing that the complaint was amended after the overruling of the demurrers to it, and failing to show how it was amended, is to give rise to a presumption that it was so amended as to obviate the objections which were pointed out in the demurrers to it which had been interposed before it was last changed by amendment.—*Birmingham Railway, Light & Power Co. v. Fox,* 174 Ala. 657, 56 South. 1013.

The appellant cannot complain of the overruling of demurrers to a complaint which the record affirmatively shows was not the complaint upon which it was put to trial, especially in the absence of any showing by the record that the complaint, as last amended, was demurred to, or was subject to any of the objections which, by demurrers, had been made to the complaint before it was so changed.

We cannot adopt the suggestion made in the argument of the counsel for the appellant that the certificate of the clerk to the transcript sent up on this appeal, to the effect that it contains a full, true, correct, and complete copy or transcript of the record and proceedings in the cause, would, in view of the fact that it sets out no such paper as that mentioned in the above quotation from the judgment entry, justify the conclusion that the

[General Accident, Fire & Life Insurance Co. v. Shields.]

complaint was not in fact amended as there stated. All orders and entries made in the regular progress of the cause during term time must be received as emanating from the court itself. So far as the parties to the cause are concerned, such a memorial is conclusive evidence of everything it contains, and is not subject to contradiction by a certificate of the clerk as to the contents of the record.—*Deslonde & James v. Darrington's Heirs*, 29 Ala. 92.

As the record does not show that any of the special pleas previously filed were refiled after the complaint was last amended, it is to be inferred that those special pleas cut no figure in the trial of the case which resulted in the judgment appealed from. The appellant cannot complain of the action of the court in sustaining demurrers to pleas which were not, by being refiled, sought to be made applicable to the complaint as last amended.—*Birmingham Railway, Light & Power Co. v. Fox, supra; Cooley v. United States Savings & Loan Co.*, 144 Ala. 538, 39 South. 515.

A single assignment of error brings into question the action of the court in overruling objections made to the admission in evidence of two statements contained in the admitted showing of what one Morton Nye, an absent witness, would have testified to if he had been present. This assignment cannot be sustained if either of the two statements was properly admitted in evidence, as an assignment of error must fail if it is good in part and bad in part.—*Brent v. Baldwin*, 160 Ala. 635, 49 South. 343.

The statement that "there was blood on the corner of the brick next to the door" was not subject to the objection made to it. In connection with other evidence as to the circumstances of finding the insured lying in a dying condition on the ground below the door of his

residence with a bruise on the back of his head and blood on his person, which was close to where the brick referred to was discovered, that statement was admissible as furnishing some support for an inference that in falling to the ground his head had struck against the brick, and that his death was caused by external, violent, and accidental means.

Of the assignments of error based upon the court's refusal to give written charges requested by the defendant, the only ones which are made subjects of discussion in the argument of the counsel for the appellant are several which instruct the jury that if they believe the evidence they must find in favor of the defendant generally, or on counts of the complaint specially mentioned. Without regard to other apparent defects in some of these charges, it is enough to say that the result of the failure of the bill of exceptions to show that it sets out all, or substantially all, of the evidence adduced in the trial is to leave this court without such knowledge of what the evidence was which was referred to in the charges as is requisite to enable it intelligently to review the rulings made on them.—*Southern Hardware & Supply Co. v. Standard Equip. Co.,* 165 Ala. 582, 51 South. 789. This court cannot undertake to reach a conclusion as to whether or not, under the evidence, a finding in favor of the plaintiff could properly have been made, when it is not informed what that evidence was.

In the brief of the counsel for the appellant other rulings on special charges requested are merely mentioned in statements to the effect that the charge referred to should have been given, and that the court is referred to what had been said in support of the contentions that the affirmative charges requested by the defendant referred to there is no discussion whatever of the ques- should have been given. In the previous argument so

[General Accident, Fire & Life Insurance Co. v. Shields.]

tions raised by the special charges requested. There is a failure to state the points relied on in the form of propositions, as required by the rule governing the method of preparing a brief in behalf of the appellant. —Civil Code, p. 1508, rule 10. The court is not advised as to the grounds upon which the appellant contends that it was entitled to have the charges referred to given. There has been no such insistence in argument on the assignments of error thus summarily dealt with as to put upon the court the duty of reviewing the rulings mentioned in them. An appellant cannot expect his assignments of error to be considered, except in so far as he at least undertakes to point out the grounds upon which he claims that there was error in the rulings of which he complains.—*North Alabama Traction Co. v. Taylor,* 3 Ala. App. 456, 57 South. 146.

The assignment of error based upon the action of the court in overruling the defendant's motion for a new trial is sought to be supported by the suggestion that that motion should have been granted because of the showing made as to the discovery of additional evidence. Plainly it is not made to appear that the defendant was entitled to a new trial on the ground mentioned, as there was an entire absence of any showing at all of diligence unavailingly used by the defendant before the trial to discover such evidence, or that the defendant was without fault in failing to discover the evidence referred to in time to have it presented on the trial.—*McLeod v. Shelly Mfg. & Improvement Co.,* 108 Ala. 81, 19 South. 326.

Affirmed.