# Pacific Mut. L. Ins. Co. *v.* Shields.

### *Assumpsit.*

(Decied April 17, 1913.   62 South. 71.)

1. *Insurance; Accident; Cause of Death; Allegations.*—An allegation in an action on an accident insurance policy that death resulted from accidental injury independent of any other cause sufficiently alleges that the death was caused solely by external, violent and accidental means, as required by the policy.

2. *Same; Evidence.*—In an action on an accident insurance policy it is competent to show that a brick with blood on it was found near the door of the insured, in connection with other evidence that insured died from a fall, as tending to show that he fell from the steps onto the brick.

3. *Same; Name of Beneficiary.*—Where the two names referred to the same person as beneficiary, the policy was admissible, although

the beneficiary named therein was Savannah Mealin, and the suit was brought in the name of Savannah Shields.

4. *Same.*—Where there was some evidence to show that the insured received a blow on the back of the head and possibly died from violent means, it was competent to show by a physician that the blow on the back of the head might have caused death.

5. *Appeal and Error; Presumption; Insufficient Record.*—Where the record on appeal does not show what amendments were made to certain pleadings, the appellate court will indulge all reasonable presumptions in favor of the ruling of the trial court on the pleading.

6. *Same; Record; Conflict; What Governs.*—Notwithstanding the certificate of the clerk that no such amendment was made, the recital of the judgment entry as to amendment to pleadings must be accepted as true, since the judgment entry should have been corrected to so show if there had been no amendment.

7. *Same; Numbering Instructions; Assignments.*—Charges requested and refused, or charges requested and given for the adversary party, should be numbered or otherwise designated so that the transcript will show with certainty the particular charges referred to by the assignments of error, or argued in brief by numbers.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Savannah Shields as the beneficiary named in an accident insurance policy against the Pacific Mutual Life Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

JOEL F. WEBB, for appellant. The count was subject to the demurrers assigned.—89 Cal. 170; 53 N. E. 1035. The court erred in sustaining demurrers to the pleas.—10 South. 530; 6 South. 143; 75 Wis. 116; 144 Mass. 572. Counsel discuss the charges refused, and the evidence admitted over objection, but cites no other authority than those cited above. Counsel also cites the following cases as sustaining in a general way the assignments of error set out in the transcript.—*Satterfield v. Fidelity Mut. L. I. Co.,* 171 Ala. 429; *Hunt v. Preferred Accident,* 172 Ala. 442.

BLACK & DAVIS, and RIDDLE, ELLIS, RIDDLE & PRUIT, for appellee. The appellate court indulges all reason-

able presumptions in favor of the ruling of the trial court on pleadings when the record is incomplete.— *Hill v. Smith,* 48 Ala. 562; *Prattville C. M. Co. v. Kennedy,* 59 South. 498. Matters properly shown in the record will control when there is a conflict between the record and the bill of exceptions as to such matters. —*B. R., L. & P. Co. v. Fox,* 56 South. 1013; *Cooley v. U. S. S. Co.,* 114 Ala. 538. The judgment entry is conclusive as to the action on the pleading.—*C. of Ga. v. Ashland,* 48 South. 981. The assignments of error, on account of the fact that the charges are not numbered, or otherwise designated, are so vague, indefinite and uncertain as to be incapable of intelligent review.—43 Ala. 628.

MAYFIELD, J.—The action is by the beneficiary, upon an insurance policy on the life of one William E. Howard. The complaint is in code form. The beneficiary named in the policy is stated to be the sister of the insured. The policy is not a regular life insurance policy, but is one known as "industrial, health and accident policy." It, however, contains provisions for the payment of an amount named in the policy, in case of the death of the insured, upon certain specified conditions. One of these conditions is that the death of the insured must have been caused solely by "external, violent and accidental means."

While the complaint does not, in its allegations, follow the terms of the policy ipsissimis verbis, it does aver that the death of the insured was the result of an "accidental injury independent of all other causes." This we think was sufficient. It was unnecessary to aver the exact language of the policy.

The real question in dispute was whether the evidence showed or tended to show that the insured came

to his death by the means, or in the manner, specified in the terms of the policy, or whether his death was from natural causes not within the terms of the accident policy. The evidence upon this question was not without dispute. While we might say, if allowed so to do, that the weight of the evidence showed that his death was the result of heart disease, or of natural causes, and not of accidental ones within the conditions of the policy, yet there was evidence from which the jury might believe and find that his death was not from this, or any other natural cause, but solely from external violent, and accidental means, and within the conditions of the policy.

There was evidence tending to show that the insured was a strong and healthy man prior to and up to the time of his death, and that his death resulted from his falling from his doorsteps; his. head striking a brick. If this were true, the death was within the protection of the policy, and the insurance company was liable as found by the jury. There was, however, evidence tending to show that the deceased suffered, and had suffered for some time previous to his death, and to the execution of the policy, from heart trouble, and that his death was the result of this trouble, and not of the fall from the doorsteps; and therefore that it was not within the protection of the policy. The question, however, was made a disputed one, by the issues raised by the pleadings; and under the evidence it was plainly one for the jury. And the trial court, after having heard all the evidence on this question, and having seen some of the witnesses and observed their manner and demeanor (which we cannot do), refused to affirmatively instruct the jury on the question, or to set aside the verdict found by the jury. While we have some doubt as to the correctness of the finding, we do not feel that we should

reverse the trial court for failing to instruct the jury to find for the defendant, as requested in writing, or for failure to set aside the verdict.

The record proper in this case is apparently defective in that it shows amendments of certain pleadings, but fails to show what these amendments were, or the extent to which the original pleadings were amended, or the legal effect of such amendments. This defect of the record prevents us from reviewing some of the rulings assigned as error as to the pleadings. So far as we can know, the amendments not shown may have cured the defects in the original pleadings.

In this state of the record we must indulge all presumptions in favor of the rulings of the trial court.— *Prattville Cotton Mills v. McKinney,* 178 Ala. 554, 59 South. 498; *B. R. L. & P. Co. v. Fox,* 174 Ala.657, 56 South. 1013; *Savannah Railroad Co. v. Buford,* 106 Ala. 309, 17 South. 495.

The minute entry in this case bears two dates, the 16th day of October, 1911, and the 13th day of March, 1912. That of March 13, 1912, is as follows: "On this the 13th day of March, 1912, this cause being reached on the docket and called for trial, came the parties by their attorneys, and the plaintiff by leave of court first had and obtained amends her complaint as appears by a separate paper writing this day filed, and issue being now joined thereupon came a jury of good and lawful men, to wit, J. W. Rarden and eleven others who being duly impaneled and sworn according to law upon their oaths do say, 'We, the jury, find for the plaintiff and assess her damages at seven hundred two ($702.00) dollars,' etc."

What this amendment was, the record does not show. Whether the pleas filed to the original complaint would have been applicable to the amended complaint and, if

so, to which counts; or whether any special pleas were in fact filed thereto and, if so, whether any action thereon was ever invoked, and, if so, what such action was —are matters that do not appear. For this reason we cannot review the rulings on these pleas and replications as to the original complaint. If such rulings should be found to be erroneous, for aught we can know the amended complaint may have rendered the special pleas inapt, or the defendant may not have refiled such pleas for the reason that they would be inapt. We must presume in favor of the rulings of the trial court, and that errors as to rulings on the pleadings as to the original complaint were cured by the amendment, and that the defendant waived any errors, if such there were, by failing to file the special pleas to the amended complaint. The record conclusively shows that the only issue was the general one as to the amended complaint.

If no such amendment as the judgment entry recites was ever in fact filed, as counsel for appellant contend, and as a subsequent certificate of the clerk states, the judgment entry ought to have been corrected and made to speak the truth. As long as it is allowed to stand as a solemn judgment of a court of record, we cannot disregard it.

There was no error in allowing proof of the fact that a brick was found near the steps of the insured's door from which there was some evidence that he fell, and that there was blood on the brick. This had a tendency to show that insured fell from the door upon the brick, and so to show his death by accidental and violent means instead of by natural cause, such as disease of the heart, as claimed by the defendant.

There was no error in admitting the policy in evidence. The fact that the beneficiary was named therein

as "Savannah Mealin," and that the plaintiff is "Savannah Shields," is not material, for the reason that the two names refer to one and the same person, the plaintiff, who was in fact the beneficiary designated in the policy as the sister of insured.

There was no error in allowing Dr. Rowe to testify that a blow on the back of the head might produce death. There was some testimony tending to show that deceased had received a blow on the back of his head, and that he might have received it by violent means, within the conditions of the policy.

There was no error in refusing charges of the defendant requesting a verdict for the defendant upon the theory and hypothesis that there was no evidence to show that deceased received a blow on the back of his head. There was evidence sufficient to carry this question to the jury. There was, for the reason before stated, no error in declining to give any of the refused charges assigned as error and insisted upon. Many of them, in effect, if not in terms, were the general affirmative charge for the defendant, and they were properly refused. Others gave undue prominence to certain parts or phases of the evidence; others wholly ignored parts of the evidence, were misleading in their tendencies, and calculated to confuse the jury.

We also feel that we ought to call attention to the mode in which these charges are designated in the transcript. The charges are not numbered or otherwise designated, except by pencil notes opposite them on the record, which were evidently made after the transcript was made up. The charges are referred to in the assignments of error as charges 1, 2, 3, 4, etc.; but there is nothing in the transcript to show which was such charge 1, 2, 3, or 4, except the order in which they occur. The charges themselves ought to be numbered or

otherwise designated, and the transcript would of course then show which particular charge is referred to or meant, by the particular assignment of error, and also by any reference thereto in briefs of counsel. For example, a brief of counsel refers to the charges as follows: "The trial court erred in refusing each of the charges numbered 8, 7, 6, I, A, 15, 9, 14, 19, 20, 16, 21." Whereas no charges appear in this transcript which are so numbered or designated, and we cannot of course know with sufficient certainty to which of these many charges counsel refer in their argument.

All of the charges have been examined, however, and no reversible error is found in the refusal of any one of them.

Finding no error in the record, the judgment of the trial court must be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.