(97 South. 62)

**TENNESSEE VALLEY BANK v. VALLEY VIEW FARM et al. (8 Div. 522.)**

(Supreme Court of Alabama.   June 9, 1923.
Rehearing Denied June 30, 1923.)

1. Partnership ⬦216(2)—In suit on note held special plea by one defendant partner and rejoinders to replication were embraced in, or may be given under, agreement for pleading "in short by consent."

In suit on a note against partners individually and against the partnership as such, wherein they pleaded the general issue and "in short by consent with leave to give in evidence any matter or thing which would be material if specially pleaded," a further plea by one of the partners that the note was not executed by her and rejoinders to the replication were embraced in, or may be given under, such agreement for pleading "in short by consent."

2. Trial ⬦143—Refusal of general affirmative charge justified by conflicting evidence.

Refusal of the general affirmative charge is justified by conflicting evidence.

3. Evidence ⬦272—Letters written after maturity of note held admissible as statements against interest.

Where one defendant seeks to show that a partnership note was executed without her authority as a partner, letters from plaintiff bank's manager urging her to sign a renewal note are admissible as statements against the bank's interest, though made after maturity of the note sued on.

4. Evidence ⬦425—Parol evidence rule not applicable to collateral instruments.

In a suit on a promissory note, parol evidence to vary the terms of a deed is admissible as being collateral to the issue.

5. Evidence ⬦471(3)—Statement that deed conveyed land to witness by mistake held not a conclusion.

In an action on a promissory note, defendant's statement that a certain deed conveyed land to him by mistake was not a conclusion.

6. Appeal and error ⬦1050(2)—Admission of collateral matter held not reversible error.

Admission of a mere explanation or statement of a collateral matter, without the issue being tried, is not reversible error.

7. Trial ⬦339(2)—Verdict must answer all special issues.

Where the jury returned a verdict against two defendants, but failed to respond to an issue as to liability of another defendant, it was not error to direct them to consider further and return a verdict pursuant to the issues.

8. Trial ⬦260(1)—Refusal to charge cured by other charges covering same matter.

Refusal to give charges properly requested, when they are fairly covered by a given charge and the court's oral charge, is not reversible error.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Suit on promissory note by the Tennessee Valley Bank against the Valley View Farm, W. E. Lester, and B. H. Lester. From a judgment for plaintiff against defendants Valley View Farm and W. E. Lester, plaintiff appeals. Affirmed.

Proctor & Snodgrass, of Scottsboro, and S. A. Lynne, of Decatur, for appellant.

It was error to admit in evidence the letters of the branch manager of plaintiff. Fowler v. Prichard, 148 Ala. 261, 41 South. 667; Humes v. O'Bryan, 74 Ala. 64; M. & C. R. Co. v. Womack, 84 Ala. 149, 4 South. 618. The statement by W. E. Lester that an interest in land was conveyed to him by mis-

take is a conclusion, and invasive of the jury's province. Alexander v. Alexander, 71 Ala. 295. Where a verdict is legal in form and substance, it is the duty of the court to enter it as rendered. Dougherty v. Shown, 1 Heisk. (Tenn.) 304, 25 Stand. Prac. 1036; Thompson on Trials, § 2633.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellees.

The letters written by the manager of plaintiff were admissible. The authorities cited by appellant to the contrary are inapt.

THOMAS, J. [1] The suit is upon a promissory note executed by the Valley View Farm and W. E. Lester. The defendants are "W. E. Lester and B. H. Lester, individually, and Valley View Farm, a partnership composed of W. E. Lester and B. H. Lester." Defendants respectively pleaded the general issue and "in short by consent with leave to give in evidence any matter or thing which would be material if specially pleaded." Defendant B. H. Lester further answered, saying that "the note upon which this suit is founded was not executed by her or by any one authorized to bind her in the premises," and makes oath that this plea is true. The last plea and the rejoinders to plaintiff's replication were embraced in, or may be given under, the agreement for pleading "in short by consent." Allen v. Standard Ins. Co., 198 Ala. 522, 73 South. 897.

The trial resulted in verdict and judgment against Valley View Farm and W. E. Lester; there was judgment for defendant Mrs. B. H. Lester, and it is from this judgment in favor of Mrs. Lester that the appeal is prosecuted. There was a motion for a new trial which was denied, and exception was duly reserved by the plaintiff.

[2] The refusal of the general affirmative charge as to Mrs. B. H. Lester is justified by the conflict in evidence and the reasonable inference to be drawn therefrom. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

Assignments of error 1 and 2 relate to the introduction in evidence, over the objection of plaintiff, of letters written by the branch manager of plaintiff to Judge W. E. Lester, after the due date of the note. The note was of date February 12, 1921, for $6,000, due December 1st of the same year. After the latter date, A. B. Staten, the manager of the payee's branch taking and holding the note for collection or extension, wrote that he was "inclosing * * * herewith a new note of $6,000 for a period of 60 days," requested that it be signed "as Valley View Farm," and that Mrs. Lester sign next "with your name following." The plaintiff moved to exclude the letter on the grounds that it was not binding on the plaintiff, was subsequent to the maturity of the note sued on, and could not affect the status that existed at the time of the execution of the note. This motion was overruled and exception reserved. The letter stated that it was written "at the suggestion of Mr. White," who is shown to have been the cashier of the Tennessee Valley Bank at Decatur, which governs all the branches of said bank, including that of which the writer, Staten, was the manager. The same objection, exception, and motion to exclude were made and reserved to the introduction in evidence of a letter of date February 27th to Judge Lester, asking that the note be signed as outlined in the letter of the 20th and returned promptly. In argument it is insisted that the letters were not pertinent or competent as evidence on the issue of the indebtedness vel non of Mrs. Lester, and shed no light on the status "at the time of the execution of the note," citing Humes v. O'Bryan, 74 Ala. 64; M. & C. R. Co. v. Womack, 84 Ala. 149, 4 South. 618; Fowler v. Pritchard, 148 Ala. 261, 41 South. 667.

The Humes Case, supra, was an action on account for goods sold and delivered, and it was held that the declarations of one person as to the existence of a partnership between himself and another person are not admissible evidence against the latter to prove the fact of partnership unless they are made in his presence, or fall within some recognized exception to the general rule excluding hearsay evidence; that the declarations of one partner, while in possession and carrying on the business, explanatory of possession, whether against interest or not, are within the rule, and admissible in corroboration of other and independent evidence of the alleged partnership; and that it was under the foregoing principles that the letter signed by Glover of later date was admissible. In the Womack Case, supra, it was held error to permit as testimony what one of the trainmen said after the accident, "We have run over a man and killed him," etc. In the case of Fowler v. Pritchard, supra, several assignments of error were based on admission of testimony, and it was said that there was no error in the overruling of plaintiff's "objection to the question to witness Cornelius Fowler as to what the circumstances were under which the deed was made."

[3] Such was the purpose of the introduction of the letters written by the branch manager at the insistence of Mr. White, the cashier having charge of said branch of plaintiff's bank, and engaged in the effort, for the bank, of collecting or renewing the note. The other evidence shows that, at the time the first note was signed by the Valley View Farm and W. E. Lester, the latter had a one-half interest in a large acreage of land which he transferred to his wife, Mrs. B. H. Lester. The letters were in nature a correspondence or conversation between the principal officers of the bank having charge of such matters and one of the defendants, about the issue for submission to the jury. Such statements made by the bank in the endeavor,

through its duly and regularly constituted officer, to get additional security in the execution of the new note, were competent. The corporation made such statements or admissions against interest through its duly constituted authority, while in the exercise of duty to and for the corporation in and about the matter under consideration—while so acting for the bank the letters were written.

[4] There was no error in permitting W. E. Lester to state, over objection of the plaintiff, that he did not pay his wife anything for a deed to the one-half interest in the Harrison lands. It would have come within a recognized exception to the general rule of parol testimony varying a written instrument had this been a suit between the parties to the instrument. Such is not the case. Corley v. Vizard, 203 Ala. 564, 84 South. 299; Formby v. Williams, 203 Ala. 14, 81 South. 682. However, the consideration of the instrument referred to was collateral to the issue presented in the suit on the note. This testimony of Lester and the deed to the contrary are in evidence as shedding light upon the several transactions culminating in the giving of the note sued upon by and for the individuals composing the partnership, or such as may have held themselves out to the public and the plaintiff as being partners doing business under the name of Valley View Farm.

[5, 6] The witness W. E. Lester was permitted, over the objection of the plaintiff, to testify that the Hodges deed conveyed an interest in the lands to him "by mistake." This was not a conclusion of the witness, but the statement of a fact. However, this transaction is not directly challenged in this suit, and the deed was in evidence rebutting his statement or explanation, and there was evidence that his wife had placed the same on record, and it was mortgaged by the party. This was merely an explanation or statement of a collateral matter without the issue being tried, and we find no reversible error in the ruling.

[7, 8] The first verdict did not respond to the issues which the jury was required to determine and return. It was proper and necessary for the court to instruct them that they were required to consider further and return a verdict pursuant to the issues presented. The first verdict had made no disposition of the question of liability vel non of defendant Mrs. B. H. Lester, and though the verdict was in form for the plaintiff against the "Valley View Farm and W. E. Lester for $6,000, with interest from maturity and attorney's fee of $100," it should have further responded to the issue of plaintiff's claim against Mrs. Lester. The declining of the court to receive the verdict and instruction that the jury return and determine the issue as to such "liability vel non of defendant B. H. Lester" were within the proper discharge of duty by the court. The foregoing and several questions presented by the motion for a new trial and presented for review by assignments of error fail to disclose reversible error. Refused charges 1 and 2, conceding that the same should have been given (Eggleston v. Wilson, 208 Ala. 167, 94 South. 108), were fully and fairly covered by plaintiff's given charge 1 and by the oral charge of the court.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.