**HERREN et al. v. SHELNUTT et al.**

(7 Div. 252.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 16, 1926.)

**1. Trial ⬥329—Court may reject verdict not responsive to issue of individual liability of one of defendants sued as individuals and partners.**

Verdict, in action against defendants as individuals and partners, should respond to all issues involved, including liability vel non of defendant as individual, failing in which court may refuse to receive verdict.

**2. Judgment ⬥502—Judgment against individual defendant, as to whom jury made no finding as individual, held valid until vacated or reversed.**

In action against individuals and partnerships, judgment against all defendants, including one against whom jury made no finding as an individual, is valid against him, as well as other defendants, until set aside or reversed.

**3. Appeal and error ⬥880(3) — Defendants cannot complain of judgment against codefendant not appealing or joining in assignment of error.**

Defendants cannot complain of judgment against codefendant not appealing or joining in assignment of error by appealing defendant.

**4. Appeal and error ⬥880(3)—Appellant cannot complain of judgment against all defendants on verdict against him and partnership only in suit against them and nonappealing individual defendant (Code 1923, § 5720).**

Under Code 1923, § 5720, appellant cannot complain of judgment against all defendants on

verdict against him and partnership only in suit against him and nonappealing defendant as individuals and partners; verdict sustaining judgment against him and partnership.

**5. Appeal and error ⬥664(1)—Record proper, showing appeal by individual only, as recited in security for costs, governs, and errors not affecting his substantial individual rights will not be considered (Code 1923, § 6101).**

Where security for costs, under Code 1923, § 6101), recites that appeal was taken by party giving security, while citation of appeal and clerk's certificate recited that appeal was taken by codefendant partnership, record proper, showing appeal by him alone as individual, must govern, and errors not affecting his rights as individual will not be passed on.

**6. Partnership ⬥55—Partnership between defendants as to plaintiff need not be so strictly proved as partnership inter sese.**

Existence of partnership between defendants, so far as plaintiff was concerned, does not require strictness of proof necessary to establish partnership inter sese.

**7. Partnership ⬥218(3)—Partnership between defendants as to plaintiff suing for breach of contract held for jury.**

Existence of partnership between defendants, so far as plaintiff, suing for breach of contract for hauling logs to their mill, was concerned, *held* for jury.

**8. Partnership ⬥49—One defendant's statement about cost of moving, and his part of profits from, mill operated by him and codefendant, held relevant on issue of his interest as partner.**

In action against defendants as individuals and partners for breach of contract for hauling logs to their mill, testimony as to what one defendant said about cost of moving mill, operated by him and codefendant, and his part of profits therefrom, was relevant as tending to show his interest in operation thereof.

**9. Partnership ⬥216(2)—Duebill, signed by managing partner, held relevant as to all parties in action against defendants as individuals and partners.**

Duebill, signed by partner who managed mill, showing amount due plaintiff for hauling logs thereto, *held* relevant as to all parties in action against defendants as individuals and partners.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Judge.

Action on the common counts by D. H. Shelnutt against S. W. Herren and others. From a judgment for plaintiff, defendants Herren and another appeal. Affirmed.

Certiorari denied by Supreme Court in Herren v. Shelnutt, 110 So. 699.

Charge, A, refused to defendant, is as follows:

"The court charges the jury that, if you believe the evidence in this case, your verdict will be for the defendant S. W. Herren."

Merrill & Jones, of Heflin, for appellants.

An appeal is taken when security for costs is lodged with the proper officer. Code 1923, § 6101; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; Liverpool, etc., v. Lowe, 208 Ala. 12, 93 So. 765; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241. Matters appearing in the record proper must be accepted as true, even though the clerk's recital is to the contrary. Pacific Mutual v. Shields, 182 Ala. 106, 62 So. 71; General Acc. F. & L. Ins. Co. v. Shields, 9 Ala. App. 214, 62 So. 400. Where the transcript contains proper appeal bond, the appellate court will consider assignments of error. A. C. L. v. Jones, 9 Ala. App. 499, 63 So. 693. The verdict should have responded to all the issues in the case, including liability vel non of Wheeler Barker. Doe v. Goetchius, 180 Ala. 381, 61 So. 330; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; 7 Mayfield's Digest, 935; Tenn. Valley Bank v. Valley View Farm, 210 Ala. 123, 97 So. 62.

Vann & Parker, of Roanoke, for appellees.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The summons and complaint named S. W. Herren and Wheeler Barker as individuals and as partners doing business under the firm names of Herren & Barker and Barker & Herren, and claimed against the individuals and against the two partnerships. Herren filed a special plea, denying the partnership. Issue being joined, the jury, after hearing the evidence, returned a verdict as follows:

"We, the jury, find the issue in favor of the plaintiff and against S. W. Herren as an individual, and against the partnership of Herren & Barker and Barker & Herren, and assess the damages at the sum of $274.25."

Upon this verdict the court rendered judgment against all defendants, including Wheeler Barker. From this judgment, Barker & Herren alone take this appeal.

[1-3] The verdict should have responded to all of the issues in the suit, including the liability vel non of Wheeler Barker as an individual. Failing in this, the court could properly have refused to receive the verdict as returned. Tenn. Valley Bank v. Valley View Farm, 210 Ala. 123, 97 So. 62. Instead of doing this, the court proceeded to enter a judgment against all defendants, including Wheeler Barker. This judgment then stands as a valid judgment against Wheeler Barker, as well as to the other defendants, until set aside or reversed. Wheeler Barker does not appeal or join in the assignment of error. His codefendants cannot complain at the judgment rendered against him.

[4] Moreover, under our statute (section 5720 of the Code of 1923), when a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, as the jury may determine from the evidence. The verdict sustains and authorizes a judgment against appellants Barker & Herren, as a partnership, and S. W. Herren, as an individual, and on this appeal, which is alone by S. W. Herren, he cannot complain.

[5] The security for costs under section 6101 of the Code of 1923, relating to appeals to this court, was given by S. W. Herren, in which is the recital that the appeal is taken by him. The citation of appeal and the certificate of the clerk are to the effect that the appeal was taken by Barker & Herren. The record proper must govern in such matters and we hold that in this case the appeal is alone by defendant S. W. Herren, as an individual, and errors complained of, not affecting his substantial rights as an individual, will not be passed upon. Pac. Mu. L. Ins. Co. v. Shields, 182 Ala. 106, 62 So. 71; Gen. A. F. & L. Ins. Co. v. Shields, 9 Ala. App. 214, 62 So. 400.

[6, 7] The question involved in this case is not one of partnership inter sese, but was it a partnership in so far as this plaintiff was concerned? This does not require that strictness of proof necessary to establish a partnership inter sese. There was evidence of a joint enterprise between Herren & Barker to engage in the business of sawing lumber, and that they made a joint contract with this plaintiff to haul logs to their mill; that Herren spoke of the business as "we"; that, when plaintiff sought the contract, his first dealings were with Herren, from which first approach the contract was consummated, and under which the service here sued for was performed; that Herren spoke of his part of the profits from the running of the mill; that Herren was around the mill a good deal while plaintiff was hauling the logs. We think the question of partnership, so far as this plaintiff is concerned, was for the jury. Charge A, therefore, was properly refused.

[8] The testimony of Stewart as to what Herren said about how much it costs to move the mill being operated by him and Barker, and what Herren said about his part of the profits from the mill, was relevant as tending to show the interest of Herren in the operation of the mill.

[9] If the jury should find that as to plaintiff a partnership existed, then a due bill signed by Barker, who managed the mill, showing the amount due plaintiff for hauling under the contract, was relevant as to all parties. This was the ruling of the trial court, in which there was no error.

We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

Opinion substituted. Application overruled.